JOSIAH S. SMITH et al., Appellants, *v.* JACOB VAN OSTRAND, Respondent.

A remainder may be limited upon a bequest of money as well as of other personal property, and the testator may confide the money to a legatee for life, trusting to such legatee to preserve the fund for the benefit of the remainderman; in which case the legatee for life becomes trustee of the principal during the continuance of the life estate.

The will of S. bequeathed to his wife the sum of $1,650, in lieu of dower, for her support during her natural life or so long as she should remain his widow, then "her said dower" to be transferred to testator's three children, fifty dollars of said sum to be paid to the widow as soon as practicable after the testator's decease, and the residue in about six months thereafter. *Held*, that the bequest gave to the widow of S. the use of the $1,650 during her life or widowhood, with power to apply so much of the principal as might be necessary for her support, but with no further power of disposition; and, subject to the exercise of this power, gave a remainder in the principal to the children; that this remainder was not repugnant to the prior gift and was valid; and that upon the death of the widow, the children were entitled to so much of the fund as remained undisposed of for her support.

*Patterson* v. *Ellis* (11 Wend., 259) distinguished.

Upon the death of S., his widow received from the executors the money bequeathed, and with it bought United States bonds, which she held at the time of her death. *Held*, that the children of S., not his executors, were entitled to the bonds and were the proper parties to bring an action for their conversion; that the executors having paid over the money as required by the will, were discharged from all liability and divested of all power concerning it.

*Lysen* v. *Blake* (22 N. Y., 558) distinguished; *Smith* v. *Van Ostrand* (3 Hun, 450; 5 T. & C., 664), reversed.

(Argued February 17, 1876; decided February 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of defendant, entered upon an order denying plaintiffs' motion for a new trial, and directing judgment upon an order dismissing plaintiffs' complaint, granted on trial. (Reported below, 3 Hun, 450; 5 T. & C., 664.)

This action was brought for the conversion of certain United States bonds.

The complaint alleged iu substance, that Garret I. Smith, late of the county of Seneca, died on or about January 1, 1864, leaving a last will and testament which contained this clause: " First, I give and bequeath unto my beloved wife Catharine, the sum of one thousand six hundred and fifty dollars, in lieu of dower on my real estate, for her support during her natural life, or as long as she remains my widow, then her said dower shall be transferred to my three children hereinafter mentioned. Fifty dollars of the above named sum shall be paid her as soon as practicable after my decease, and the remainder on or about six months after.   Also, I further give her any part of the household furniture that she wishes for her own use and that she may will to whom she chooses, and I further provide ·that she may occupy our dwelling-house six months after my decease, and necessary provisions for her support and comfort, which shall be provided out of my estate."   That plaintiffs are the three children of the testator mentioned and referred to.   That his wife Catharine survived the testator and obtained possession of said money mentioned in said will, and bought United States bonds of the value of about $1,500, with the money aforesaid, and held said bonds up to and at the time of her decease, using only for herself the coupons or interest thereof.   That sometime before or after the decease of said Catharine, the defendant became the custodian of said bonds without value, and merely as the friend or agent of said Catharine, the widow as aforesaid.   That shortly after the death of said Catharine, which occurred October 15, 1869, plaintiffs demanded the bonds of defendant who refused to deliver up the same

*N. A. Halbert* for the appellants.   A life estate can be created and a remainder limited, on a bequest of money as well as of other personal property. (*Richards* v. *Richards*, 9 Price, 225 ; Dayton on Surr. [3d ed.], 418, 419; 4 Kent's Com. [5th ed.], 268 ; *Rapalye* v. *Rapalye*, 27 Barb., 615 ; *Spear* v. *Tinkham*, 2 Barb. Ch., 215 ; *Covenhoven* v. *Shuler*, 2 Paige, 132; 2 Kent's Com. [5th ed.], 352 ; *Burleigh* v.

*Clough*, 52 N. H., 257; 13 Am. R., 41; *Smith* v. *Bell*, 10 Curt., 34; 6 Pet., 80; *Gillespie* v. *Miller*, 5 J. Ch., 20; *Field* v. *Hitchcock*, 17 Pick., 182; *Porter* v. *Tournay*, 3 Ves., 310; *Russell* v. *Russell*, 3 Meriv., 94–195.) A bequest of money for life is only a gift of its use. (2 Kent's Com., 352; 2 Wash. on R. P. [3d ed.], 673; 2 Redf. on Wills, 272, note; *Field* v. *Hitchcock*, 17 Pick., 183; *Norris* v. *Beyea*, 13 N. Y., 273.) The widow's interest under the will was only a life estate. (*Hatfield* v. *Sneden*, 42 Barb., 621; *Trustees Aub. Sem.* v. *Kellogg*, 16 N. Y., 83; *Woodhouse* v. *Maverack*, 2 Liv. L. Mag., 457; *Pinkey* v. *Pinkey*, 1 Bradf., 269–271; *Tyson* v. *Blake*, 22 N. Y., 558; *Bell* v. *Smith*, 10 Curt., 29.) If the widow had a right to use the capital plaintiffs were still entitled to recover. (*Rathbone* v. *Dyckman*, 3 Paige, 26; *Rindge* v. *Baker*, 57 N. Y., 225; 1 R. S. [Edm. ed.], 674, § 32; 727, § 2; T. & B. Law of Trusts and Trustees, 818; *Bell* v. *Warn*, 4 Hun, 406; *Taggart* v. *Murray*, 53 N. Y., 233; *Terry* v. *Wiggins*, 47 id., 512; *Burleigh* v. *Clough*, 13 Am. R., 23; *Ruby* v. *Barnett*, 12 Mo., 3; *Surnaw* v. *Surnaw*, 5 Mad., 123; *Upwill* v. *Halfey*, 1 P. Wms., 651; 2 Wash. on R. P. [3d ed.], 673, § 10.) The action was properly brought by plaintiffs. (Code, § 111, 148; 1 P. Wms., 651; 2 Kent's Com., 202; *Savage* v. *Corn Ex. Ins. Co.*, 4 Bosw., 2.)

*S. R. Ten Eyck* for the respondent. The bequest to the widow was absolute and unconditional. (*Pitts* v. *Hill*, 4 Barb., 419; *Patterson* v. *Ellis*, 11 Wend., 259.) She had a right to spend and consume the legacy. (*Tyson* v. *Blake*, 22 N. Y., 363; *Norris* v. *Beyea*, 3 Kern., 286.)

Rapallo, J. On the trial of this action no evidence was introduced except the will of Garret I. Smith. After the reading of the will in evidence, the court dismissed the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action; the averments of the complaint, as to matters dehors the will, must, therefore, for

the purposes of the present appeal, be taken as true, and no reference to the answer is necessary or proper.

The complaint avers that Catharine, the widow of the testator, survived him, and obtained possession of the money mentioned in the will, and with such money bought United States bonds of the value of about $1,500, and held said bonds up to and at the time of her decease, using for herself only the coupons or interest thereof; that she died about the 15th of October, 1869; that some time before or after her decease the defendant became the custodian of said bonds without value, and merely as the friend or agent of said widow; that after her death the plaintiffs notified the defendant that the said bonds were their property under the will, and demanded them of the defendant, but he refused to deliver them.

The only question before us is whether, on these facts, the plaintiffs were entitled to the bonds on the death of the widow. The solution of this question depends upon the construction of the will; if by the will, the money bequeathed to the widow became her absolute property, and no valid remainder was limited upon the bequest to her, then the complaint was properly dismissed; if the bequest was not absolute, and a valid remainder to the plaintiffs was created by the will, then two questions only remain to be considered: First, did the title to the bonds in which the money was invested pass to the remaindermen on the death of the widow; and, secondly, are they the proper parties to bring the action, or should it have been brought by the executors of Garret I. Smith?

The first question is as to the construction of the will. That a remainder may be limited upon a bequest of personal property, is unquestionable, and it is equally clear that it may be limited upon a bequest of money as well as of other personal property. (2 Kent Com., 352, 353 [11th ed.], and cases cited; *Norris* v. *Beyea*, 13 N. Y., 273; 2 Washb. Real Pr., 673 [3d ed.].) When a life estate is bequeathed in a sum of money, with remainder over, the legatee is entitled only to the

income, and the principal, subject to the life estate, belongs to the remainderman, and, unless otherwise directed by the will, it is the duty of the executor either to invest the money and pay the interest to the first legatee during life, and preserve the principal for the remainderman, or, on paying it over to the legatee, to require security from him for the protection of the remainderman in respect to the principal. (*Tyson* v. *Blake*, 22 N. Y., 558.) But it is within the power of the testator to dispense with these safeguards and to confide the money to the legatee for life, trusting to such legatee to preserve the fund for the benefit of the remainderman, in which case the legatee for life becomes trustee of the principal during the continuance of the life estate.

If the will should be construed as giving to the widow only a life estate in the fund, the case would be comparatively free from difficulty. But we are inclined to the opinion that he intended to give her something more than a mere life estate, though less than the absolute ownership or unconditional power of disposition of the fund. He bequeaths to her the sum of $1,650, in lieu of dower in his real estate, for her support during her natural life, or as long as she remains his widow, then her said dower shall be transferred to his three children (the plaintiffs).

The *dower* he speaks of as transferable to his three children on her death or marriage must, we think, mean the sum of money which he had bequeathed in lieu of dower, as her dower, in the legal sense of the term, could not survive her, nor was it in his power to dispose of it. The will must then be read as if it had said that on the expiration of her life or widowhood the said sum of money should be transferred to his three children.

This provision, in connection with other provisions of the will, convinces us that it was not the intention of the testator to give the money absolutely to his wife, or to empower her to dispose of it, unless it be for her support. In a subsequent part of the same clause, he gives her any part of the household furniture that she wishes for her own use, and says that

she may will it to whom she chooses, showing that the idea was present to his mind what should become of his bequests to her after her death; and that as to the household furniture he intended to give her a power of testamentary disposition, which as to the money he withheld, and that he assumed himself to direct what should be done with that after her death, or in case she should marry again.

If there were nothing else in the will than what has been here referred to, I should be inclined to the opinion that the intention of the testator was to give to his widow only a life estate in the $1,650, with remainder to his children; and I cannot see but that such a disposition might have been perfectly reasonable and proper. This depends upon the circumstances of the testator. If his real estate was worth only $5,000, the income of one-third was all that she was entitled to as dower, and on her death this interest would cease. The income of $1,650 during her life would in that case be a full equivalent for her right of dower. The bequest, it must be observed, is in lieu of dower, and is not the only provision made in the will for her support. She was still at liberty to claim her dower, but if she did so, she would have been obliged to relinquish this legacy. Whether or not the interest of $1,650 was an adequate provision for her support cannot be determined without knowing the circumstances of the testator, and if determined, would throw little light on the interpretation of the will. If it were not for the provision next referred to, I should be inclined to the opinion that the intention of the testator would be best arrived at by transposing the words of the bequest so as to read, I give to my wife the sum of $1,650, during her natural life, in lieu of dower, etc., for her support.

But from the subsequent provision, that fifty dollars of the said sum shall be paid her as soon as practicable after the decease of the testator, and the remainder on or about six months thereafter, I am led to the conclusion, that the testator intended to empower his widow to expend out of the principal of the fund what should be necessary for her

support. It is not reasonable to suppose, that this fifty dollars was to be paid to her for the purpose of investment, and the only alternative is to infer that it was to be used by her for her support. This characterizes the previous words "for her support during her natural life," and leads to the conclusion, that she was empowered to apply the principal so far as necessary to her support and that the bequest of the remainder to the children was subject to exercise of this power by the widow, and that they would be entitled only to what should remain over and above what she had used for the authorized purpose. If she was authorized to use this fifty dollars for that purpose, it must have been the testator's intention that she should, for the like purpose, have power to use any other part of the fund. It was all held under the same tenure.

The conclusion is, that the intent of the testator was, that his widow should have the use of this $1,650 during her life or widowhood, with power to apply so much of the principal as might be necessary, to her support, but that no other power of disposition, testamentary or otherwise, was given to her, and that, subject to the exercise of the power given, a remainder in the principal was bequeathed to the children. This disposition, if valid, would entitle the plaintiffs to so much of the fund as on her death remained unexpended, for her support, and this portion of the fund she held in trust for them.

It is contended on the part of the respondent, that the gift of the remainder to the children is repugnant to the prior gift to the wife, and therefore, void, and in support of this proposition, the cases of *Patterson* v. *Ellis* (11 Wend., 259), *Hill* v. *Hill* (4 Barb., 419), *Tyson* v. *Blake* (22 N. Y., 558), *Norris* v. *Beyer* (3 Kern., 286) are cited.

These cases sustain the proposition, that where an absolute power of disposal is given to the first legatee a remainder over is void for repugnancy. In *Patterson* v. *Ellis*, the language of the will was this, that the fund should be at the "free and absolute disposal of his daughter after she should

attain the age of twenty-one." In the other cases cited the remainders were held valid, but they recognize the proposition, that if the power of disposition of the first taker is absolute, the remainder is repugnant. But they also recognize the principle, that if the *jus disponendi* is conditional the remainder is not repugnant. (*Hill* v. *Hill*, 4 Barb., 419.) The power of disposition, if any, in the present case, was only for a special purpose, viz., the support of the widow. If not required for that purpose, there was no power to appropriate the funds to any other.

The case of *Upwell* v. *Haley* (1 Peere Williams, 651) is precisely in point upon this question. There the testator bequeathed to his sister such part of his estate as his wife should leave of her subsistence. The court say: " It is now established that a personal thing or money may be devised to one for life, remainder over; and as to what has been insisted on, that the wife had a power over the capital or principal sum, that is true, provided it had been necessary for her subsistence, not otherwise." The remainder over was held good. To the same effect is *Surman* v. *Surman* (5 Madd., 123), *Terry* v. *Wiggins* (47 N. Y., 512), *Trustees, etc.*, v. *Kellogg* (16 N. Y., 83).

I think, therefore, that reason and authority sustain the conclusion, that the remainder limited to the plaintiffs in the sum of $1,650, or so much thereof as was not used by the widow for her support, during her life, was valid.

The only remaining questions are, whether, upon the averments of the complaint, the title to the bonds, in which the legacy was invested, passed to the remaindermen on the death of the widow, and whether this action is properly brought by them, or should have been brought by the executors of Garret I. Smith.

The principal of the legacy being a trust fund, any security in which it may have been invested, may, on well settled principles be claimed by the *cestuis que trust*. The plaintiffs were, I think, the proper parties to claim the fund. The executors of Garret I. Smith, when they paid it over to the

widow, parted with all interest in it, and left it to follow the course directed by the will. They were required by the will to pay it over to the widow, and having done so were discharged from all liability, and divested of all power concerning it. If, as in the case of *Tyson* v. *Blake* (22 N. Y., 558), they had taken a bond for the return of the principal to them, to be disposed of according to the will, they might have been the proper parties to sue upon the bond. But they retained no such control over the fund, and the plaintiffs are now the real and only parties interested therein, and I think the action properly brought by them. The case of *Upwell* v. *Halsey*, before cited, sustains this position. There the action was brought by the sister, to whom the remainder was limited, against the defendant, who had married the testator's widow and become possessed of her personal estate. (See, also, *Trustees, etc.*, v. *Kellogg*, 16 N. Y., 83.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except CHURCH, Ch. J., not voting.

Judgment reversed.