NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
May, 1879.

## COHEN *v.* COHEN.

*In the matter of the estate of* NAPTHALIE COHEN, *deceased.*

Where an absolute, unconditional gift and power of disposition is given to the primary legatee, and the legacy over is of what remains unspent or undisposed of, such remainder is void, as inconsistent with the absolute estate or *jus disponendi* previously given by express terms or necessary implication.

The testator bequeathed all his property, consisting of personalty, to his wife, for life. By a subsequent clause of his will, he directed that after the death of his wife, all the residue of his property, of which his wife shall die possessed, should be divided among his children. *Held,* that the absolute power of disposing of the property during her life was thereby conferred on the widow, and that she was entitled to the possession and control of the property.

*It seems* that even if the gift over to the children, of the undisposed-of residue, were not void, the widow would still be entitled to the possession of the property, as trustee for the children.

COHEN *v.* COHEN.

APPLICATION for decree upon final accounting.

The decedent left a widow and four children, and his will directed first, the payment of his debts, and then provided as follows : " Second, I give and bequeath to my beloved wife, Goldie Cohen, during her natural life, all my real and personal property which I may die possessed of. Third, and I do hereby order and direct that after the death of my said wife, Goldie Cohen, all the residue of my real and personal property, which she shall die possessed of, shall be given to my children, in manner following, to wit: that is to say, all jewelry to my daughters, Lena, Kate, and Mary, share and share alike, to my son Harris the sum of $5.00, and all the rest and residue of my estate, real and personal, after deducting the several bequests by me made as aforesaid, I do hereby order and direct to be given to said Lena, Kate, Mary and Abraham, share and share alike." . The testator possessed no real estate, but left money.

The executor claimed that he should invest the estate, and pay the widow the interest only during her life ; while the widow claimed that the whole principal should be paid over to her, and that she had authority to dispose of the same as she might desire.

H. E. FARNSWORTH, *for executor.*

A. & L. LEVY, *for widow and legatees.*

THE SURROGATE.—It will be observed that the language of the second clause of the will under consideration is general, and such as would obviously give an absolute ownership to the property, but for the expression " during her natural life," and the third clause, which provides that after the death of the testator's wife,

the residue of his property, which she shall *die possessed of*, shall be given to his childeren. Upon a careful study of these provisions, I am inclined to the opinion that it was the intent of the testator to confer upon his wife, during her life, the right to possess, enjoy, and dispose of such property, and that if she should dispose of it during her life, such disposition would be lawful, and the disposition of the residue to the testator's children become inoperative.

In Pinckney v. Pinckney (1 *Bradf.*, 269), the learned Surrogate, at page 271, states the rule to be, that where the intent is to give an absolute, unconditional gift and power of disposition to the primary legatee, and the legacy over is of what remains unspent or of that which he dies possessed of, or has not sold or devised, such a remainder is void, as being inconsistent with the absolute estate, or *jus disponendi* previously given by express terms, or necessary implication. At page 272 he sums up the matter as follows : " Where the true import of the gift is to vest the legatee with the power of disposing of the principal fund, the thing itself, so that in the lawful exercise of that power the estate may be consumed by the first legatee, and nothing be left at his decease, and where only the residue undisposed of is given over, then the legacy over is void, for repugnance to the absolute ownership previously given. But where the thing itself, the entire interest, is limited over on a contingency, the generality of the words of the first gift, which, standing alone and uncontrolled, would have given the absolute estate, will be restrained and qualified. The effect of such a restriction is to render the first taker incapable of defeating the limitation by any

act of his own." The learned Surrogate refers to the statute which declares that the limitation of future or contingent interests in personal property shall be subject to the same rules as are prescribed in respect to land. In Smith *v*. Van Ostrand (64 *N. Y.*, 278), the testator. gave to his wife $1,650 for her support during her natural life, or so long as she should remain his widow, in lieu of dower; then her said dower to be transferred to the testator's three children; $50 of. said sum to be paid to the widow as soon as practicable after his decease, and the residue in about six months thereafter. It was held that the bequest gave to the widow the use of $1,650 during her life or widowhood, with power to apply so much of the principal as might be necessary for her support, but with no further power of disposition; and, subject to the exercise of that power, gave the remainder of the principal to the children; that such remainder was not repugnant to the prior gift, and was valid, and the children were entitled to so much of the fund as remained undisposed of for her support. In discussing this question at page 284, Judge RAPALLO says, citing certain authorities: "These cases sustain the proposition. that where an absolute power of disposal is given to the first legatee, a remainder over is void for repugnancy;" but proceeds on the next page to distinguish that case from those cited, and says, "That they also recognize the principle, that if the *jus disponendi* is conditional, the remainder is not repugnant," and the conclusion which the learned judge reached in that case was that the power of disposition, if any, was only for a special purpose, that is, the support of the widow, and that she had no power to appropriate

the funds to any other purpose, and he held that for that reason the *jus disponendi* was conditional, and the remainder not repugnant but valid. The case of Thomas *v.* Pardee (12 *Hun*, 151), is substantially to the same effect. MERWIN, J., at page 159, states that the title to the estate in that case was in the executor, while the physical custody was in the widow, who was to take what she chose for her support and comfort, and whatever at her death was left, be it principal or interest, was to be divided by the executor ; that the testator did not intend to give his wife the principal or interest as such, but whatever she needed for her comfort and support, she being the judge, she could take out from the estate, as a whole ; but that what she did not take out, what remained at her death, was to go to the others. The remainder was held valid in that case, on the authority of Smith *v.* Van Ostrand, above cited. But in neither of those cases, nor in Terry *v.* Wiggins (47 *N. Y.*, 512), nor in Norris *v.* Beyea (13 *N. Y.*, 273), nor in any of the cases to which my attention has been called, is there any question raised as to the general doctrine, that where an absolute, unconditional gift, and power of disposition is given to the primary legatee, and the legacy over is of what remains unspent or undisposed of, such remainder is void, as inconsistent with the absolute estate or *jus disponendi* previously given by express terms, or necessary implication. Although I have reached the conclusion, that the widow has power, under the terms of the will, to dispose of the whole property, it is not necessary that I should determine whether that fact makes the clause, giving the remainder in possession of the widow at her death to the children, void, so that if she shall leave any

portion of it undisposed of, her next of kin will take as in case of intestacy, or the children take under the subsequent clause of the will as legatees. Such a determination would be premature, because it cannot yet be ascertained whether, under the power, she will or will not make disposition of the whole fund. At her death, leaving some portion of this fund, a question may arise, whether the absolute power of disposition rendered the devise over to the children of the decedent void, under the authorities, or whether section 102, 2 *R. S.*, 1114 (6 ed.), saves the interest of the children, as a future estate limited on the life of the estate of the widow ; and also section 2 of the same Revised Statutes, 1167, making the limitation of a future or contingent interest in personal property subject to the rules prescribed under the second section, just cited.

I am therefore of the opinion that the executor has no further control of the fund in question, during the continuance of the life of the widow, and that the entire fund should be handed over to her. If, however, I am not right in the view that the *jus disponendi* conferred upon the widow renders the remainder repugnant thereto, and therefore void, yet it is quite clear that the whole property is given to the widow, and if there be a valid remainder created in behalf of the children, it is created in the hands of the widow as their trustee, as is well suggested by Judge RAPALLO, in Smith *v.* Van Ostrand, at page 284.

Ordered accordingly.