CHARLES WAGER AND OTHERS, APPELLANTS, *v.* ELIZA H. WAGER AND OTHERS, RESPONDENTS.

*The supreme court has no jurisdiction of an action to construe a will, containing no trusts.*

The Supreme Court of this State has no jurisdiction to declare and adjudge the construction to be given to a will, duly admitted to probate in this State, which contains no trusts.

APPEAL from a judgment dismissing the plaintiff's complaint, entered upon the trial of this action at a Special Term.

The action was brought to procure the construction of the will of William Wager, deceased, which had been duly admitted to probate by the surrogate of Livingston county. No evidence was given upon the trial, the court dismissing the complaint, upon the pleadings, upon the ground that it had no jurisdiction over the action.

*J. C. Cochrane,* for the appellants.

*E. A. Nash,* for the respondents.

HARDIN, J. :

The plaintiffs were brothers and sisters of William Wager, the testator. The defendant, Eliza H. Wager, is the widow and executrix of the deceased, and the other defendants are heirs at law of the deceased, being children of the deceased brothers of the deceased testator. Susan E. Wager, a daughter of the testator, died on the 31st of January, 1876, three days before the testator's death, which occurred February 3, 1876.

The will of the deceased, William Wager, was made on the 10th of December, 1875. It gave to his widow $4,000, "to have the use and control of the said sum of $4,000, during the time of her natural life," and in case that was not sufficient to support and maintain her, that she was to have " the privilege and right to use as much from time to time of the principal of the said $4,000, as she shall deem sufficient to support and make her comfortable."

The will then contained a provision, giving the remainder of the real and personal estate, and " also whatever amount shall remain or be left by (my) said wife at her death, of said sum of $4,000," to Susie E. Wager, the daughter.

Then followed in the said will a provision in these words, viz. :

" But in case my daughter Susie E. Wager shall die leaving no issue *before* the *death* of my said wife *then*, in that case, *all the property*, both real and personal, that shall be left by my daughter at her death, which shall belong to me at my death, I give, together with what shall remain from *the above* mentioned $4,000, devise and bequeath to my beloved wife, Eliza H. Wager, to her use, her heirs and assigns forever."

(1) This provision carried to Eliza, the widow, whatever property belonged to the deceased at his death, which was left by the daughter at her death, which was owned by William Wager at his death.

(2) It also carried to Eliza, the widow, " what shall remain from the above mentioned $4,000, to wit, the whole thereof, principal and income, to Eliza H. Wager, to her use, her heirs, and assigns forever." (*Roseboom* v. *Roseboom*, 15 Hun, 315 ; affirmed.)

(3) It did not create a trust in respect to the $4,000, as Susie died before the testator. We are not able to discover, from the terms of the will of William Wager, that any trust was created. (*Bowers* v. *Smith*, 10 Paige, 193.)

We must apply the rule laid down in *Chipman* v. *Montgomery*, 63 N. Y., 221. It was there held : " The jurisdiction of courts of equity, to pass upon the interpretation of a will is *incidental to that over trusts*. They do not take jurisdiction of actions brought solely for that purpose, or where legal rights only are in controversy." The plaintiffs, as heirs at law, or next of kin of William Wager, do not present a case, calling for the interposition of a court of equity. They furnish no adequate reason or ground to justify them in passing by the surrogate's court, having ample jurisdiction in the premises. (*Adams* v. *Adams*, 22 Vt., 50.)

We think the Special Term was correct in concluding that this court had no jurisdiction to declare and adjudge the construction

of the will of William Wager, deceased, upon the application of these plaintiffs, and in dismissing the complaint of some of his heirs at law, who were the plaintiffs in this action. As LEARNED, P. J., said, in *Marlett* v. *Marlett* (14 Hun, 316), " there should then have been no judgment construing the will; but the complaint should have been simply dismissed." We are referred to *Smith* v. *Van Ostrand* (64 N. Y., 278). We have examined it, and find that the limitation of the bequest was during the life of the widow, and the case is distinguishable from the one before us, and in our opinion it does not aid the plaintiffs.

The judgment should be affirmed, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed, with costs.