WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—April, 1884.

MATTER OF WEPPELER.

*In the matter of the judicial settlement of the account
of* JOHN P. DOEPEL, *as executor of the will of*
CATHARINE WEPPELER, *deceased.*

When a life beneficiary under a will is entitled to the actual custody of a
fund bequeathed, to be held in trust for the remainderman—deter-
mined.
Smith v. Van Ostrand, 64 *N. Y.*, 278—followed.

THE testatrix gave her property in trust to her execu-
tor, and, by the sixth clause of her will, directed him
as follows :

" To pay over all the rest and residue of my estate to
my beloved sister, Elizabeth Deubel, now living at
Kirchheim-Bolanden, in Bavaria, for her use during her

natural life, and, after her death, to be and become the property of her son, Conrad Deubel."

J. S. WOOD, *for executor.*

THE SURROGATE.—The only question submitted for determination is, whether the executor must invest the residuary fund for the life of Mrs. Deubel and, at her death, pay it over to her son Conrad, or whether his duty is, at once, to pay it to her. On the authority of the case of Smith v. Van Ostrand (*64 N. Y., 278*), it seems clear that she is immediately entitled to the possession of the fund, which she will hold for life, as trustee for her son.