AMBROSE SPENCER AND JOHN R. KNAPEN, ADMINIS-
TRATORS, ETC., OF WILLIAM D. SPENCER, DECEASED,
RESPONDENTS, *v.* OLIVER H. P. STRAIT, EXECUTOR OF
ESTHER SPENCER, DECEASED, APPELLANT.

*Costs — when payable from the estate, under section 3246 of the Code of Civil
Procedure, in an action brought by an executor or administrator.*

This action was brought by the plaintiffs, as administrators, with the will annexed, of one W. D. Spencer, against the executors of one Esther Spencer, to recover money which was alleged to belong to the estate of W. D. Spencer; and was alleged to have been in the hands of said Esther Spencer at the time of her death, and which the defendants had refused to pay over. The defendants having succeeded upon the trial of the action, entered a judgment for costs against the plaintiffs personally.

*Held,* that the action was brought by the plaintiffs in their representative capacity, within the meaning of section 3246 of the Code of Civil Procedure, and that an order of the Special Term modifying the judgment so as to make the costs payable out of the estate was proper and should be affirmed.

*Thompson* v. *Whitmarsh* (8 Civ. Pro. R., 186) distinguished.

APPEAL by the defendant from an order, made at the Rensse-laer Special Term, modifying a judgment entered in this action.

*B. C. Strait* and *E. L. Fursman*, for the appellant.

*James Lansing* and *R. M. Townsend, Jr.*, for the respondents.

LEARNED, P. J. :

On a trial of this action the defendants recovered, thereupon they entered judgment against plaintiffs personally for costs. On plaintiffs' motion the Special Term modified the judgment so as to make it payable out of the estate of William D. Spencer, deceased, of which plaintiffs are administrators. The defendants appeal.

There had been no direction under the last clause of section 3246 of the Code, on the ground of mismanagement or bad faith. The only question then arises, on the other part of that section, viz., was this an action brought by an administrator in his representative capacity ? Now it is plain that the mere fact, that, by the decision of the court, the plaintiffs are held to have no cause of action, is not enough to show that the action was not brought in their representative capacity. Otherwise, in every case, when executors are plaintiffs, if unsuccessful, they would have to pay costs personally. The question then is, assuming that plaintiffs had no right of action, when are they to be said to bring the action in a representative capacity. The test cannot be that it was a cause of action which had belonged to the decedent, because, by the supposition, there was no cause of action at all. Whatever was the intention of section 1814, as explained by the reviser, the Court of Appeals has decided, that notwithstanding that section, if an executor sells property of the estate, an action for the purchase-price is to be brought in his individual name. (*Thompson* v. *Whitmarsh*, 8 Civ. Pro. R., 186.)

The cause of action set forth in the complaint in this action is this : The plaintiffs, as administrators with the will annexed of W. D. Spencer, allege that Esther Spencer, the executrix of Wm. D., had at the time of her death moneys of the estate of said Wm. D., and the defendants, executors of said Esther, refuse to pay it over to them. Now, whether this action could be maintained or not is not the question here. The question is whether it was brought in plaintiffs' representative capacity. We think it clearly was. Suppose that they had attempted to bring this action in an individual capacity, not alleging even that they were administrators, the complaint would have been absurd.

In such cases as *Thompson* v. *Whitmarsh* the plaintiff, saying nothing about his being executor, may allege a sale of the goods to defendant, and the complaint is good. But how could these plaintiffs have shown any supposed liability of defendants to them, except by alleging that they were administrators of Wm. D. ?

The defendants urge the case of *Smith* v. *Van Ostrand* (64 N. Y., 285), where it was held that in case personal property is given by will to a life-tenant with remainder over, and is delivered by the executor to the life-tenant, then at the death of the life-tenant the right of action for the property is in the legatees in remainder, and not in the executor of the deceased. That may show that (as it proved) the plaintiffs had no good cause of action in this case. But, as already stated, that is not enough. But the defendants say, can plaintiffs escape personal liability by unjustifiably bringing an action in their representative capacity? Certainly not. The last clause of section 3246 permits the court to punish them for bad faith, by imposing costs on them personally.

The order should be affirmed, with ten dollars costs and printing disbursements.

BOCKES and LANDON, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.