DELAWARE COUNTY.—HON. DANIEL T. ARBUCKLE, SURROGATE.—January, 1888.

SIMPSON *v.* FRENCH.

*In the matter of the judicial settlement of the account of* FRANCES A. FRENCH, *as executrix of the will of* PHEBE HITCHCOCK, *deceased.*

A contingent remainder or future estate is authorized by the Revised Statutes, and is valid even although, by the terms of its creation, the first taker is permitted to dispose of the whole, during his lifetime, for

purposes other than his maintenance, and thus by his volition defeat the expectant estate.

The will of testatrix devised to her husband, J., all her real property, "to do with as he shall think best"; bequeathed to him all her personal property, without any terms of restriction, declaring that she wished her "said husband to do with said property as he shall think best during his lifetime, without any let or hindrance from any source whatever"; gave to a daughter, F., $8,000, to be paid out of her real and personal estate, at and after J.'s death, "provided there be that amount" in J.'s hands at his decease; and finally repeated that J. might use so much of her real and personal estate as he might wish, during his lifetime, and that, at his death, if $8,000 remained in his hands, that amount should be paid to F., or if the residuum proved to be less, that F. then have whatever so remained, "to do with as she shall think best."

J. died shortly after his wife, never having taken possession of, or used any of the property, so devised and bequeathed to him, and leaving a will whereby he gave his entire estate in equal shares, to F. and another daughter.—*Held,*

1. That the intention of testatrix was to give to J. a right to use her estate, not merely for his maintenance, but at pleasure, even to its utter exhaustion, during his lifetime, but no power to dispose thereof by will.

2. That her will, accordingly, created a contingent remainder, in favor of F., which was valid under 1 R. S., 725, §§ 32, 33, and id., 773, § 2; and, the defeating contingency having been rendered impossible by the death of the first taker, the remainderman had the right of immediate possession.

Greyston v. Clark, 41 *Hun,* 125—followed.

CONSTRUCTION of will, upon judicial settlement of account of executrix thereof. The facts are stated in the opinion.

HALLOCK, JENNINGS & CHASE, *for F. A. French, as executrix and individually.*

H. D. NELSON, *and* E. D. WAGNER, *for Augusta H. Simpson, individually, and as executrix of the will of John Hitchcock, deceased.*

THE SURROGATE.—Phebe Hitchcock died at Davenport, in this county, on March 31st, 1886, leaving a last will and testament containing the following provisions, viz. :

"*First.* I give, devise and bequeath unto my husband, John Hitchcock, all of my real estate situate in said town of Davenport to do with as he shall think best.

"*Second.* I give, devise and bequeath unto my said husband all and every kind of my personal property, consisting in part of mortgages, bonds, notes and money, etc., and wish my said husband to do with said property as he shall think best during his lifetime without any let or hindrance from any source whatever.

"*Third.* I give, devise and bequeath to my daughter, Mrs. F. A. Churchill, the sum of eight thousand dollars to be paid her out of my real and personal estate at and after the death of my said husband, provided there be that amount in my husband's hands at his decease.

"*Fourth.* I wish it to be distinctly understood that my said husband may use so much of my real and personal estate as he may wish to, during his lifetime, and at his death if there be the sum of eight thousand dollars remaining in his hands, that that amount be paid to my daughter Mrs. F. A. Churchill, and if there be not the sum of $8,000 in his hands then and in that case it is my wish that my said daughter have and receive whatever then remains in my said husband's hands, to do with as she shall think best.

"*Fifth.* I do hereby nominate and appoint and constitute my husband, John Hitchcock, my executor, and my daughter Mrs. F. A. Churchill, now of the city of New York, my executrix of this my last will and testament."

This will was admitted to probate July 26th, 1886, and on that day letters testamentary were issued to Frances A. Churchill, now Frances A. French, the surviving executrix.

John Hitchcock, the husband of Phebe Hitchcock, died June 16th, 1886, leaving a last will and testament which, after giving certain specific legacies bequeathed and devised the remainder of his property equally to his two daughters, Frances A. French and Augusta H. Simpson. This will was admitted to probate July 27th, 1886, and letters testamentary were issued thereon to Frances A. French and Augusta H. Simpson, August 3d, 1886. None of the property left by Phebe Hitchcock was ever taken possession of by John Hitchcock under her will, and no portion of it was ever used by him or for his benefit.

Upon this accounting, it becomes necessary, and is the duty of the Surrogate, to construe the will of Phebe Hitchcock, so far as to determine whether the legacy mentioned in the "Third" provision thereof, belonged to John Hitchcock absolutely, and at his decease became a portion of his estate, or did he take therein only an estate for life, with power to use or dispose of the whole, but, if such power was not exercised, the balance remaining to belong to the legatee, Frances A. French (Code Civ. Pro., §§ 2472, 2481, 2743; Matter of Verplanck, 91 *N. Y.*, 439; Riggs v. Cragg, 89 *N. Y.*, 479).

It is an unquestioned rule, that, in construing wills, the intention of the testator must govern, unless it violates some statute or well-settled rule of law, and this intention must be ascertained from the whole

instrument. No technical form of words is necessary to give effect to it, and when there exists a provision seemingly repugnant to other portions, such repugnant provision must, if possible be reconciled with the other provisions, so that no interest intended to be given will be sacrificed (Roseboom v. Roseboom, 81 *N. Y.*, 356; Campbell v. Beaumont, 91 *N. Y.*, 465; Taggart v. Murray, 53 *N. Y.*, 233; Van Vechten v. Keator, 63 *N. Y.*, 52).

The "First" provision of the will of Phebe Hitchcock relates to her real estate, which is not in question upon this accounting. The first part of the "Second" provision gives her husband all her personal property absolutely, and then adds: "And wish my said husband to do with said property as he shall think best during his life, without any let or hinderance from any source whatever." By the "Third" provision, she bequeaths to her daughter, Mrs. F. A. French, eight thousand dollars, to be paid out of her real and personal estate at and after the death of her husband, provided there be that amount remaining. By the "Fourth" provision, the testatrix defines and endeavors to make plain what her intention was, as expressed in these preceding provisions, and says in substance that she intends her husband shall be at liberty to use so much of her real and personal estate as he may wish to, during his lifetime, but if at his death any portion remains unexpended, then, to the amount of eight thousand dollars, that portion must belong to her daughter, Mrs. French, "to do with as she shall think best."

From all these provisions read together, there can

be but one interpretation as to the intention of the testatrix, viz.: That she intended to make full and ample provision for the maintenance, support and comfort of her surviving husband during his life, even to the extent of her entire property, but if any portion of her estate then remained, she desired eight thousand dollars of such portion to belong to her daughter, Mrs. French. Unless this plain intention of the testatrix violates some statute or well-settled rule of law, such must be the disposition of this case. It is unnecessary to consider the cases referred to by counsel, decided under the common-law, and before the enactment of the Revised Statutes.

In Roseboom v. Roseboom (*supra*), the will provided: "I give and bequeath to my beloved wife, Susan, one third of all my property, both real and personal, and to have and control my farm as long as she remains my widow, . . . . . and at the death of my wife all my property both real and personal to be equally divided between my eight children." The question raised was whether the widow took a fee or only a life estate in the one third, and the court decided that she took a fee.

In Campbell v. Beaumont (*supra*), the will provided: " I leave to my beloved wife, Mary Ann, all my property, . . . . . to be enjoyed by her for her sole use and benefit, and in case of her decease the same, or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son, Charles Lewis Beaumont, requesting him at the same time, that he will use well and not wastefully squander, the little property that I have gained

by long years of toil." The court say: "This latter clause seems insufficient to limit the wife's estate or interest, and rather to have been intended to express the natural anticipation of the testator that this property, or some of it, would as a matter of course go from the mother to her child, and his acquiescence in such devolution coupled with the hope that what he had painfully acquired should not be wasted." And the court reiterates the principle, that, in construing wills, the general rule requires the intention of the testator to be regarded. But as this will did not show a clear intention on the part of the testator to limit the interest of the wife to a life estate, it held that the wife took an absolute title. In Wager v. Wager (96 *N. Y.*, at p. 173), the court defines what it intended to decide in this case of Campbell v. Beaumont.

The above cases, as well as, Norris v. Beyea (13 *N. Y.*, 286); Bundy v. Bundy (38 *N. Y.*, 410); Cohen v. Cohen (4 *Redf.*, 48), have been decided since the enactment of the Revised Statutes, and are referred to by the counsel for Mrs. Simpson, to establish the rule, that, where a testator has made an unqualified bequest or devise, and has thus evinced his intention to give the first taker the right to use the entire estate for his own benefit, with a limitation over to some other person, such limitation over is void, as being repugnant to the absolute control and right of the first taker.

The cases of Jackson v. Bull (10 *Johns.*, 18); Westcott v. Cady (5 *Johns. Ch.*, 334); Hill v. Hill (4 *Barb.*, 419); and Van Horn v. Campbell (100 *N. Y.*, 287), were either decided, or construe wills drawn

and probated, before the enactment of the Revised Statutes.   Under the common-law, the language of the " Second " provision, which gives to the first taker the right of absolute disposition, might render a subsequent limitation repugnant and void.   The Revised Statutes, however, have changed this rule.   Sections 32 and 33, 3 R. S., 7th ed., 2178, provide as follows:

"§ 32. No expectant estate can be defeated or barred by any alienation, or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseisin, forfeiture, surrender, merger or otherwise."

"§ 33. The last preceding section shall not be construed to prevent an expectant estate from being defeated in any manner or by any act or means, which the party creating such estate shall, in the creation thereof, have provided for or authorized; nor shall an expectant estate thus liable to be defeated be on that ground adjudged void in its creation."

By § 2, 3 R. S., 7th ed., 2256, the rule stated in the above provisions, as to future estates in lands, is made applicable to personal property, and a remainder over may be limited upon such a bequest (Smith v. Van-Ostrand, 64 *N. Y.*, 278; Norris v. Beyea, 13 *N. Y.*, 273; Manice v. Manice, 43 *N. Y.*, 382).

The estate intended to be created here was a contingent future remainder, and, under the above provisions of the Revised Statutes, was such an estate as the testatrix had the right to create, and when the defeating contingency had been rendered impossible by the death of the first taker—the husband,—then the daughter, Mrs. French, had the right to immediate

possession. The "Second" provision of this will provides "and wish my said husband to do with said property as he shall think best during his lifetime." And the "Fourth" provision, where she gives her own construction to the will, provides: "I wish it to be distinctly understood that my said husband may use so much of my real and personal property as he may wish to during his lifetime and if at his death there be the sum of eight thousand dollars remaining in his hands that that amount be paid to my daughter Mrs. F. A. Churchill." These clauses limit the disposition of the estate by her husband to his lifetime; during that period he has the right to use and dispose of the whole estate, and this right is not limited to his maintenance and support. He may provide himself with the comforts and luxuries of life—with anything that will gratify his appetites or his tastes; but after she has thus made full and ample provision for the comfort of her surviving husband, even to the full measure of her estate, she by the same instrument disposes of what shall remain, if any there be, and, for reasons only known to herself, gave the same to one of her two daughters.

It is plain that the testatrix did not intend that her husband should have any other right in or control over her property than to use so much of it as he desired during his lifetime. She herself, by the same will under which the husband acquires the right to use and enjoy the whole if he so desires, provides and directs where the balance left at his death, to the amount of eight thousand dollars, shall go, viz.: to her daughter, plainly implying that her husband while

he might diminish the estate, even to its entire exhaustion, must do so during his lifetime. If, after all his wants have been supplied and his tastes gratified, any remained unexpended, that remainder he cannot dispose of by will.

This view of this case seems to be sustained by numerous decisions in this and other states (Terry v. Wiggins, 47 *N. Y.*, 512; Greyston v. Clark, 41 *Hun*, 125; Flanagan v. Flanagan, 8 *Abb. N. C.*, 413; Colt v. Heard, 10 *Hun*, 189; Wager v. Wager, 96 *N. Y.*, 164; Burleigh v. Clough, 52 *N. H.*, 267; Smith v. Bell, 6 *Peters, U. S.*, 68).

Some of the cases construing bequests similar to the one in this will (Smith v. Van Ostrand, 64 *N. Y.*, 278; Wright v. Miller, 8 *N. Y.* 24; Bell v. Warn, 4 *Hun*, 406; Thomas v. Pardee, 12 *Hun*, 151), in sustaining their validity, base the decision upon the fact that the first taker is given the right to use the whole estate for maintenance and support. That such, at this time, is the settled law, is unquestioned, but it seems to me too narrow and technical, for, in some of these same cases, it is also held that the first taker has the right to the absolute possession of the estate during life, and what interested party or court will assume to dictate whether such first taker shall pay one dollar or ten dollars per day, for board,—whether he shall pay fifteen dollars or five hundred dollars for a suit of clothes,—whether the walls of his apartments shall be bare, or covered with pictures and paintings of an expensive kind, and purchased to gratify his tastes. The decisions may name maintenance and support as the ground, but when they give such first

taker the possession of the property their effect is to permit such first taker to dispose of the entire estate either for his maintenance, support, comfort, taste or fancy, and make him the sole judge.

I am of the opinion that the true rule and reason is that given by Judge PECKHAM, in Greyston v. Clark (*supra*), viz. : that a contingent remainder or future estate is authorized by the Revised Statutes, and is valid even though the first taker is permitted to dispose of the whole during his lifetime for purposes other than his maintenance and support, and thus by his will or volition defeat such contingent estate. The construction asked for by the contestant requires that much more than one half of this will, in which she makes provision for her daughter be entirely ignored and allows the provision she makes for her husband to stand. Such was not the intention of the testatrix, and as the provision made for her daughter is authorized by the Revised Statutes, effect must be given to the whole will.

My conclusions therefore are : that the plain intention of the testatrix, as gathered from the whole will, was that her husband should have the right during his life to use the estate even to its exhaustion, and for purposes other than his support and maintenance, but if at his decease any remained, this remainder, to the amount of $8,000, her husband should not dispose of by will, but she herself bequeathed it to her daughter Mrs. F. A. French; that the testatrix had the right, under the Revised Statutes, to create by will a contingent remainder, or future estate, and by the same will authorize or permit the first taker to do some act

which would defeat such future estate; that John Hitchcock, the husband and first taker, having died leaving unexpended the portion of Phebe Hitchcock's property mentioned and described in Schedules A. and B. of the account in this matter, subject to the expenses of administration, and such sum being less than eight thousand dollars, the same belongs to Mrs. Frances A. French under the "third" and "fourth" provisions of the will, and a decree will be entered accordingly.

Costs of this accounting, to be taxed by the Surrogate and paid out of the estate, are allowed to the executrix.