(6 Misc. Rep. 174.)

### SCOTT v. SCOTT et al.

(Supreme Court, Special Term, Erie County. December, 1893.)

WILLS—RIGHT OF LIFE BENEFICIARY TO POSSESSION.
  Where the use of property is bequeathed to a person for life, with remainder over, the life beneficiary will be allowed to take possession on giving security for the protection of the remainder-men.

Action by David Scott against Mary Scott and others for a construction of the will of Eliza Jane Mackey, deceased.

John E. & Cuthbert W. Pound, for plaintiff.
John T. Murray, for defendant Mackey.
W. H. Ransom, guardian ad litem, for infant defendants.

WARD, J: This is an action brought by the plaintiff, as the executor of the last will and testament of Eliza Jane Mackey, deceased, for the construction of the will of the deceased. She died on the 13th day of May, 1890, and her will was admitted to probate by the surrogate of Niagara county on the 20th of May, 1890, and letters testamentary were duly issued to the plaintiff, David Scott, as her executor. The will was in fact made the 2d day of September, 1885. The will was as follows:

"First. I give and bequeath to my executor hereinafter named the sum of $100, with the interest or income of which to take suitable care of, and keep in good repair and condition, the cemetery lot in the Chestnut Ridge Cemetery, in the said county of Niagara, where my late husband is buried. Second. I give, bequeath, and devise to my daughter Mary Scott, wife of David Scott, the use of one-third part of all my property and estate for and during her natural life, and subject to such use I give and devise said one-third part to her daughter, Luella Scott, forever. Third, I give, bequeath, and devise to my daughter Eliza Jane Dumville, wife of Joseph Dumville, the use of one-third part of all my property and estate for and during her natural life, and subject to such use I give and devise the said one-third part to her children forever. Fourth. I give, bequeath, and devise to my son, William K. Mackey, the use of the remaining one-third part of all my property and estate for and during his natural life, and subject to such use I give and devise the said remaining one-third part to his child or children forever; but, should my said son die without any child or children him surviving, then it is my will that said remaining one-third part shall go to my said daughters and their children, or the survivor or survivors of them, to have and to hold the same as hereinbefore bequeathed and devised in the second and third clauses of this will. Whatever my son may be owing me at the time of my decease is to be treated in the settlement of my estate as an advancement to him. Lastly, I make, execute, and appoint my son-in-law David Scott, of the said city of Lockport, to be executor of this my last will and testament, hereby revoking all former wills by me made."

The testatrix left no real estate, but left personal property, consisting of bonds and mortgages, notes, a small amount of household

furniture, and some money in bank, to the amount of $32,231.95. There remains of said estate, after the payment of the funeral expenses and the debts, the sum of about $32,000.    The testatrix left, her surviving, the defendant Mary Scott, the defendant Eliza Jane Dumville, and the defendant William K. Mackey, being her only children, and grandchildren, the children of Eliza Jane Dumville,. —Lillian Dumville, Florence A. Dumville, and Nettie E. Dumville,— and Luella Scott, the daughter of Mary Scott.    The son, William K. Mackey, has no children.    The plaintiff claims, as executor, that he should have the control and disposition of the property of the deceased, and pay over to the several life owners during their lives. the use of the one-third of the property given to each.    The defendant William K. Mackey claims that his third should be paid to him; that he should control it during his life, without interference from the executor.    The children of Eliza Jane Dumville, represented by their guardian, desire that the executor should continue in control of the property, as claimed by him.    The executor has. given no security for this large amount of property, or any portion of the same.    The defendant Mackey contends that, after deducting the $100 for cemetery purposes, and the expenses which should come out of the corpus of the estate, he has a right, under the will,. to one-third of the estate, without giving security, and that it is the duty of the executor to pay it over to him.    I think the conditions of this will are satisfied by giving the children of the deceased the use of their respective shares.    The legacies are in no sense specific,. but general, and the executor, under his general powers, unless. otherwise directed by the court, can take control of this fund for that purpose, keep it invested, and pay over the interest to the life owners, thus acting as trustee for both the life owners and the remainder-men.    This would, perhaps, be the ordinary course, and would not be interfered with, if we had anything but the personal responsibility of the executor for this large sum of money.    The parties all seem to have the utmost confidence in the executor; the deceased evidently had full confidence in him; but many years may elapse before the life owners shall cease to exist, and in the changes. and dangers of business affairs it cannot be said that misfortune or harm might not come to this executor, and the fund be lost, or some portion of it.    Nor do I feel disposed to compel him to give security if I had the power.    The court has undoubted power to direct the executor to pay over to the life owners their respective shares of the estate upon their furnishing adequate security.    2 Woerner, Adm'n, § 456: Tyson v. Blake, 22 N. Y. 558; In re Gillespie,. 18 Abb. N. C. 41; Monfort v. Monfort, 11 Wkly. Dig. 543; De Rivas v. De Herques, 12 Wkly. Dig. 87; Smith v. Van Ostrand, 64 N. Y. 282; Livingston v. Murray, 68 N. Y. 492, 493; Bliven v. Seymour, 88. N. Y. 478.    The rule borne out by these cases is thus laid down in Smith v. Van Ostrand, 64 N. Y., commencing at the bottom of page 281, and is as follows:

"When a life estate is bequeathed in a sum of money, with remainder over,. the legatee is entitled only to the income, and the principal, subject to the life estate, belongs to the remainder-man; and, unless otherwise directed by

the will, it is the duty of the executor either to invest the money, and pay the interest to the first legatee during life, and preserve the principal for the remainder-man, or, on paying it over to the legatee, to require security from him for the protection of the remainder-man in respect to the principal."

And again, in Livingston v. Murray, 68 N. Y. 492, 493, the court says:

"When the remainder-man is willing and able to give security for the fund, it has been considered just that he should receive it so that he could manage it and reap all the income he could make, free from the charge of commissions by an executor or trustee. In such case care should be taken to secure the corpus of the fund or estate for the remainder-man, and the security taken should be adequate for that purpose."

I have reached the conclusion that if the owners of the life estate give adequate and satisfactory security, to be approved by a justice of this court, to those entitled to the remainder, within three months from the entry of the judgment herein, they should be respectively entitled to take one-third of the estate, deducting the $100 mentioned in the first clause of the will, the expenses of the executor, and any taxes which may have been assessed or may have been paid by the executor, together with such fees as the executor may by law be entitled to receive, into their own care and control. In the case of William K. Mackey, a bond should be executed to his sister Mrs. Dumville and her children, and also another bond to Mrs. Scott and her daughter; and in case he should have a child, who would be entitled to take under the will upon his decease, that he shall also execute a bond as security to such child, in such amount, in such form, and under such conditions as the court may hereafter prescribe. That the security to Mrs. Dumville and her children shall be equal to double the amount of one-half of the property received by him from the executor, and the security to be given to Mrs. Scott and her daughter shall be double the amount of the remaining half received from the executor. That the security given by the other life owners, respectively, Mrs. Scott and Mrs. Dumville, to the persons entitled to take the remainder of their estates, shall be in double the amount received by them, respectively. That each instrument of security shall be executed by at least two sufficient sureties, who shall be freeholders within this state, and each shall justify in a sum equal to the amount of the bond. That any party interested in the estate can at any time apply to the court to increase such security, or to substitute other sureties upon the bond, or any of them. That each of said bonds shall be in substance, and to the effect, that said owner of the life estate shall carefully preserve the property by him or her received, and only have and receive the use thereof, so that at the decease of the life owner the principal of the estate received by him or her shall be unimpaired and complete, and not diminished or decreased by any act of the said life owner. I do not assume to indicate the exact form of these bonds, but they may be prepared and submitted to the court for approval. Any of the persons entitled to the use of this property for life may permit his or her share to remain with the executor, and in that event the executor will keep the share secured

properly and safely invested at interest for the benefit of the parties interested, and pay over to the life owner the interest or use of the property invested. The order may be entered, confirming the referee's report herein, and carrying out the views and purposes herein expressed. If the parties interested cannot agree upon a proper order to be entered, settlement of this order may be made upon eight days' notice. Ordered accordingly.