Judgment modified by reducing the judgment and report to $737.79, and as modified affirmed, without costs.

---

ALFRED M. DOUGLASS, as Executor, etc., of DANIEL A. HAZEN, Deceased, Appellant, *v.* SALLY MARIA HAZEN, Respondent.

*Will — permission given to a life tenant " to draw from the real estate" — rights of the life tenant thereunder.*

The will of a testator gave all his personal estate to his widow, to have and to hold during her life, to be subject to her disposal by will or otherwise at her death, and further provided: " And should it be necessary for her comfort to draw from the real estate, she is authorized to do so. The real estate I give and bequeath to my friend Alfred M. Douglass, that is, what may remain after the death of my said wife Sally Maria."

*Held,* that the wife alone was to determine as to the necessity of using the real estate, and that the remainderman could not control her decision.

APPEAL by the plaintiff, Alfred M. Douglass, as executor, etc., of Daniel A. Hazen, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chautauqua on the 30th day of September, 1895, upon the decision of the court rendered after a trial at the Chautauqua Special Term.

This action was brought to obtain a construction of the will of Daniel Hazen, which was as follows :

" IN THE NAME OF GOD, AMEN, I, Daniel A. Hazen, of the town of Mina, county of Chautauqua and State of New York, being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do, therefore, make, ordain, publish and declare this to be my last Will and Testament, that is to say :

" *First.* After my lawful debts are paid and discharged, I give and bequeath to my wife Sally Maria Hazen all of my personal

property, to have and to hold for her sole use, for and during the term of her natural life, and to be subject to her disposal by will or otherwise at her death. And should it be necessary for her comfort to draw from the real estate, she is authorized to do so.

"*Second.* The real estate, I give and bequeath to my friend Alfred M. Douglass, that is, what may remain after the death of my said wife Sally Maria. And it is my request that the said Alfred M. Douglass shall cause to be placed at the grave of my said wife and myself, suitable and proper gravestones, or one, suitable and proper for both graves, with proper and appropriate inscriptions thereon.

"Likewise, I make, constitute and appoint my wife Sally Maria Hazen and Alfred M. Douglass to be executrix and executor of this my last Will and Testament, hereby revoking all former Wills by me made."

*Van Dusen & Martin*, for the appellant.

*Ottaway & Munson*, for the respondent.

Judgment affirmed on the opinion of SPRING, J., delivered at Special Term, with costs against the appellant personally.

All concurred.

The following is the opinion of SPRING, J.:

SPRING, J.:

Daniel Hazen was the owner of a small farm in the town of Mina, in the county of Chautauqua. He died in 1887, leaving the defendant, who had been his life companion for nearly fifty years, and no descendants. He made his will, which was admitted to probate, and the plaintiff, who was a neighbor of the testator, and the defendant were named as executors. The plaintiff assumed to have a right to the immediate occupancy of this little farm and promptly took possession of it, exercising control over it to the exclusion of defendant. That continued for the period of six years, when the defendant succeeded in acquiring control of the farm, and plaintiff brought this action for the purpose of obtaining a judicial construction of the will, and in assertion of his right to the possession and control of the real estate of which the decedent died seized. The will

does not vest in him any title to the farm during the lifetime of the widow. The devise to him is explicitly limited to such part as may remain after her death. No authority whatever is vested in the executors, so that plaintiff cannot maintain his action on the assumption of the creation of a trust. While no specific words, as contended for by plaintiff's counsel, are essential to create a trust, yet the intention of the testator to vest the title to a farm must clearly appear in the instrument, and there is no language in this will from which such a construction can be spelled out. It was the obvious intention of the testator to make a suitable provision for his widow so far as his small estate would permit, and he did this first by the bequest of his few dollars of personal estate, and then by permitting her " to draw from the real estate," if necessary for her comfort.

She is the one to determine that necessity. (*Matter of Grant,* 40 N. Y. St. Repr. 944 ; *Smith* v. *Van Ostrand,* 64 N. Y. 278.)

That the necessity exists in this case is quite apparent. She has no other property, is in the decline of life, and certainly should have whatever property a fair construction of her husband's will accords to her.

The complaint must be dismissed, with costs against the executor personally, as the small patrimony should not be depleted further to aid the plaintiff in his attempt to wrest it from the defendant.