WILL—CONSTRUCTION—NATURE OF ESTATE.
   Testator devised all his property to his wife, and provided that, if she should die before his child, he desired that all the property should go to the surviving child. *Held* to give the wife absolute title to and custody of the fund upon her giving security therefor, but that her estate was subject to be reduced to a life interest if she died before the child.

Proceeding in the matter of a judicial settlement of the accounts of the executor of George Geisler, deceased. Decree rendered.

Hirsch & Ehrhorn, for executor.
Hays & Hershfield, for widow.
Charles E. F. McCann, special guardian.

THOMAS, S. The rule of construction that where there is an absolute bequest to one person, and in case of his death to another, the contingency referred to is the death of the first-named legatee in the lifetime of the testator, and if he survives the testator he takes complete title to the legacy, has no application if there is any language in the will indicative of a different intention on the part of the testator. The reason assigned for the rule has been that, as death is a certain event, and the time only is contingent, the words in a devise or bequest of this description can only be satisfied by referring them to a death before some particular period, and, no other being mentioned, the time referred to must be presumed to have been the testator's own death. In re New York, L. & W. R. Co., 105 N. Y. 89, 11 N. E. 492, 59 Am. Rep. 478. In the will of the decedent, after the words giving all of his property to his wife, he says: "And in case my wife should die before my child, then I desire to have all the property go to the surviving child." The particular period within which the wife is to die in order to vest an estate in the child is mentioned by the testator. If she should die before his (my) child, then the child is to take. The rule is therefore without application, and no reason for imputing an intent to the testator radically different from that asserted by him can be framed. The will must be construed to vest an absolute title to the legacy in the widow, subject to be reduced to a life interest on the contingency of her dying before the child, upon which contingency the child will take. The proposed decree submitted by the executor provides for the retention of the fund by him as trustee. This is not correct, for no trust has been created by the will. The widow is entitled to the custody of the entire fund on giving security (Scott v. Scott, 6 Misc. Rep. 174, 27 N. Y. Supp. 152, and cases cited), and, until such security has been furnished, the executor, as such, will retain the capital, and pay her the income as it accrues. He can be allowed commissions for receiving, but not for paying out, the entire fund, until the widow gives the security and the fund is paid to her. Submit amended decree on notice.

Decreed accordingly.