## In re WELCH.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. TRUSTS—APPOINTMENT OF TRUSTEE—NOTICE TO BENEFICIARY.

Where realty is conveyed in trust to pay the income to a person for life, the remainder-man is a "beneficiary" of the trust, within the real property law (section 91a), providing that, on the death of the trustee of an express trust, the trust estate, if unexecuted, shall vest in the supreme court, and shall be executed by some person appointed by the court, but that no person shall be appointed until the "beneficiary" of the trust shall have been brought into court.

2. SAME—VACATION OF APPOINTMENT—POWER OF COURT.

Assuming that the court had power to make such an appointment without notice to the remainder-man, it had power also to vacate the order on the remainder-man's application, so as to give him an opportunity to be heard as to either the method of executing the trust or the person designated to execute it.

3. SAME—QUALIFICATION OF TRUSTEE—RELATIONS WITH BENEFICIARIES.

Realty was conveyed in trust to pay the income to a person for life, and, on the subsequent death of the trustee, there existed, as part of the trust estate, the proceeds of part of the realty sold by the trustee, and a contest as to the right to such fund was impending between the remainder-man and the person entitled to the income. *Held*, that it was error, on application of such person, as against the remainder-man, to appoint as trustee one who had been in the employ of such person, since the relations between the two were too intimate.

Appeal from special term, New York county.

On application of Edwin V. Welch, George F. Elliott was appointed trustee in place of Henry A. Bassford, deceased, under a trust deed executed by Virginia L. Welch to said Bassford. The order of appointment was subsequently vacated on motion of Bessie V. Reinisch and Grace E. Welch, and, from the order of vacation, Edwin V. Welch and George F. Elliott appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, INGRAHAM, and PARKER, JJ.

Henry M. Dater, for appellants.

Frederick F. Neuman, for respondents.

INGRAHAM, J. By a trust deed executed on the 20th day of October, 1884, and recorded in the office of the register of the county of New York on the 2d day of November, 1884, Virginia L. Welch conveyed certain real estate within this county to one Henry A. Bassford, in trust, to collect the rents, issues, and profits of such real estate, and pay over the income thereof to one Edwin V. Welch during his life; and upon his death the said trust estate was to become the property of the children of the said Edwin V. Welch and Elizabeth J. Murray. Edwin V. Welch is still alive, but on the 19th day of February, 1897, Henry A. Bassford, the trustee named in such trust deed, died. On the 29th day of March, 1897, upon the application of Edwin V. Welch, who was entitled to the income during his life, and without notice to the remainder-men or others interested in the trust, the court, by an ex parte order, appointed one George F. Elliott "trustee in the place of the said Bassford." A copy of this order is not

annexed to the papers or a part of the record before us. It is con·
ceded, however, that the order was entered ex parte, without notice
to any one interested in the trust, except the petitioner, who was the
life tenant.    By those entitled to the remainder in the property after
the death of Edwin V. Welch, a motion was made to vacate that
order; so that the remainder-men could be heard upon the appoint-
ment of the new or substituted trustee.    Upon that motion coming
on to be heard, Edwin V. Welch, the life tenant, and Elliott, alone op-
posing, the ex parte order of the 29th of March was vacated and set
aside; and from the order vacating such order of the 29th of March,
1897, Edwin V. Welch, the life tenant, and said Elliott, appeal.

By section 91a of the real property law it is provided that:

"Upon the death of a surviving trustee of an express trust, the trust estate
shall not descend to his next of kin or personal representatives, but the trust,
if unexecuted, shall vest in the supreme court, with all the powers and duties
of the original trustee, and shall be executed by some person appointed for
that purpose under the direction of the court. But no person shall be ap-
pointed to execute said trust until the beneficiary thereof shall have been
brought into court by such notice and in such manner as the court may direct."

The evident intent of this provision is that those interested in the
execution of a trust should have notice of an application to appoint a
person to execute the trust, so that they could be heard as to the
individual to be selected by the court, under the power given in this
section of the statute.    Whether the term "beneficiary thereof" would
include all of those contingently interested in the execution of the
trust it is not necessary now to determine; but it seems clear that a
person in whom is vested a remainder in real property, and whose
rights may be most seriously affected by the execution of a trust which
has vested in the court, was a beneficiary of the trust, within the
provisions of this statute.    A trustee in whom is vested real estate
held in trust for a person during life has certain duties as to the
corpus of the estate for the protection of the remainder-men.    It is
his duty to see that the taxes and other charges are paid; that the
estate is kept in repair, waste prevented, and the condition of the
estate as it came into his hands protected.    To such extent, at least,
the trustee occupied a trust relation to the remainder-man; and, in-
dependent of the statute, we think that it would be proper for the
court, before it should make any order as to the method of executing
the trust, or designating any person to execute it, to give the remain-
der-men an opportunity to be heard.    Even if we assume that the
court had the power to make this order without such notice, it clearly
had the power to vacate the order upon the application of any one
interested in the estate who had not had notice of the original appli-
cation, so as to give such person an opportunity to be heard as to
either the method of executing the trust or the person designated to
execute it.    There can be no doubt of the power of the court over a
person thus appointed, who is an officer of the court selected to execute
the trust which has vested in the court, and no party interested in
such a trust—no one interested—has the right to require that the
court should select any particular individual to execute the trust on
its behalf.    Just what notice of the application should be given to

a beneficiary, and how given, must be in the discretion of the court. If notice can be given, even if out of the jurisdiction, want of notice should not be encouraged. There are many cases where an individual may be so intimately connected with the person entitled to the income of the trust during his life that it would be improper, against the objection of those interested, to appoint him the trustee or the one to execute the trust vested in the court. Where such an objection appears, the court is certainly justified in selecting some other person who can execute the trust in such a way that the interest of the remainder-men shall be considered.

The facts in this case show, from the affidavit of Mr. Elliott, that he has been in the employ of the person entitled to the income of the trust for life, and was appointed at his suggestion. It also appears that, in addition to the real estate which was conveyed to the trustee, there is a sum of money now in the hands of the executor of the deceased trustee, which constitutes a portion of the trust estate, being the proceeds of real estate sold for the former trustee; and it appears that there is to be a contest between the remainder-men and the person entitled to the income of the trust estate for life, as to the administration of the trust. Under these circumstances, it would be quite improper that a person occupying the relation that Mr. Elliott occupies towards the person entitled to the life interest should be the person designated to execute the trust.

We think, therefore, that, upon these facts appearing to the court below, it was the duty of the court to vacate its order appointing Mr. Elliott, and the order appealed from is affirmed, with $10 costs and disbursements. All concur.