(113 App. Div. 232)

## In re WETMORE.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

**1. TRUSTS—APPOINTMENT—PROCEEDINGS—PARTIES.**

An order appointing a person to execute a trust cannot be made, without notice to the beneficiaries and those entitled to the remainder of the trust estate.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 208.]

**2. SAME—REMOVAL OF TRUSTEE—AUTHORITY OF COURT.**

On an application to vacate the appointment of a trustee to execute a testamentary trust, the court appointed a referee to take proof of the facts stated in the application. The beneficiaries, when subsequently made parties, asked that the order of reference be affirmed. *Held*, that the order of appointment of the referee, though irregular because made when the beneficiaries were not parties, would not be vacated.

**3. SAME.**

On a petition to vacate an order appointing a trustee to execute a trust created by a will, appointing trustees, and providing that on the death of any trustee, the remaining trustee might appoint a trustee, etc., it appeared that the surviving trustee, in an instrument executed by her mark, appointed the petitioner trustee. The instrument was not recorded until seven years after its execution, though the will provided that appointments should be recorded. The petitioner waited 10 years after the purported execution of the instrument before presenting it to the court to be enforced. *Held*, that the court properly appointed a referee to take proof of the allegations in the petition.

Appeal from Special Term, New York County.

Petition by Katherine B. Wetmore to vacate an order appointing the Continental Trust Company trustee of the trust created in the will of Samuel Wetmore, deceased. From an order appointing a referee to take proof of the facts stated in the petition, the petitioner appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Lewis L. Delafield, for appellant.
John M. Shedd, for respondent.

INGRAHAM, J.   One Katherine B. Wetmore, of the city and county of New York, presented a petition to the Supreme Court, alleging that by an order entered on the 10th day of July, 1899, and an order entered on the 23d day of August, 1900, the Continental Trust Company, of the city of New York, was appointed to execute a trust provided for by the will of Samuel W. Wetmore, deceased. This trust consisted of $100,000, the income thereof to be paid to the testator's son, William B. Wetmore, during his life, who was authorized to dispose of the trust property by a last will and testament; but upon the decease of William B. Wetmore, without exercising his power of appointment, the trust fund was to go to his next of kin. The trustees named in this will are all dead, and by the order sought to be vacated in this proceeding the trust company was appointed to execute the trust. The will of the testator provides that:

"In case of the decease, removal or inability of any such trustee, then I authorize and request the acting or remaining trustees or trustee of any such

trust (with the concurrence of the party or parties beneficially interested in the same, if of full age and competency, but otherwise of their own motion) to appoint by deed such other suitable, competent and discreet person or persons as he or they may think proper, to fill the vacancy or vacancies caused as aforesaid,  *   *   *   provided that the appointment of any such trustee and his acceptance of the office or duty of such trustee shall be made in writing and duly proved or acknowledged and recorded in the office of register or filed in the office of the clerk of the city and county of New York, and that proper conveyances or transfers of title be executed so as to carry such appointments into full effect."

There is annexed to the petition what purports to be an instrument executed by Sarah T. Wetmore, the last surviving trustee, appointing the petitioner trustee. This instrument purports to be executed by the mark of Sarah T. Wetmore, the last surviving trustee, and its execution as to said Sarah T. Wetmore was proved on the 27th day of April, 1896, by the subscribing witness to the instrument, but was not acknowledged or its execution proved by the other parties, to the instrument until March and June, 1903, nor does it appear when they executed it; and it was not recorded until July 3, 1903. It purports to be dated over three years before the first order sought to be vacated was entered. Mrs. Wetmore lived for some time after this paper was executed, but during her life the appointee made no attempt to act as trustee, nor did she appear and oppose the order appointing the trust company to execute the trust, and, 10 years after it purports to have been executed, it is presented to the court for the first time to be enforced. When this application was presented to the court, it was on notice to the trustee; the children of the life beneficiary not having received notice. The rule is well settled that no order can be made in relation to a change of trustees, or the appointment of a person to execute a trust, without notice to the beneficiary and those entitled to the remainder. In opposition to this application, the trust company appointed to execute the trust submitted an affidavit stating that the children of William B. Wetmore would be entitled to the fund, in the event that the life beneficiary should die without exercising the power of appointment; whereupon the court made an order directing that these children should be made parties to this proceeding, and also appointing a referee to take proof of the facts stated in the application. The petitioner appeals from so much of the order as appoints a referee to take proof of such facts.

The circumstances disclosed which surrounded the execution of this instrument, the fact of the relationship of the person appointed trustee to the life beneficiary, the further fact that for years the life beneficiary, as the executor of the last surviving trustee, has had the securities of this trust in his possession, and has refused to obey the order of the court and turn these securities over to the new trustee, keeping out of this state with such securities, in defiance of the law of this state and of the orders of the courts of this state, might have justified the court in refusing to entertain any application of this kind until the securities in which the estate is invested were restored to the legal custodian by the life beneficiary. But as the trust company has not appealed from this order, but asks that it be affirmed, it is not necessary at this time to express any further opinion upon that question. The

appointment of a referee was irregular, in that the persons who would be entitled to the trust property on the death of the life beneficiary were not parties to the proceeding; but as it appears that they have been made parties to the proceeding, and have appeared therein, and on this appeal have submitted a brief asking that the order so far as it appoints a referee be affirmed, there is no reason for setting it aside until they could be heard; and, as we are of the opinion that it would have been error for the court to grant this application without a full disclosure of the facts under which this alleged appointment was executed, we think it was proper for the court to order such an investigation.

It follows that the order appealed from is affirmed, with $10 costs and disbursements. All concur.