### In re EARNSHAW et al.

(Supreme Court, Special Term, Westchester County. August 21, 1908.)

1. TRUSTS—SUBSTITUTE TRUSTEE—APPOINTMENT—NOTICE—"BENEFICIARIES."

A remainderman is a beneficiary, within Real Property Law, Laws 1896, p. 574, c. 547, § 91, providing that a substitute trustee shall not be appointed till the beneficiaries of the trust are brought into court by notice.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 750.]

2. SAME.

One cannot be appointed by the court to execute a trust except on notice to the beneficiaries, including those entitled in remainder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 208.]

Application by Cornelia C. Earnshaw and another for appointment of a person to execute the trusts left unexecuted under the will of Joseph W. Corlies, Sr., deceased. A substitute trustee was appointed, and thereafter a motion was made to set aside the appointment and vacate all proceedings thereunder. Motion granted.

Robert C. Morris, for petitioner.
Henry C. Griffin, for trustee.

TOMPKINS, J. Corlies died in 1860 seised of the premises in question. Two-fifths of his estate he left in trust for the benefit of his daughters, Cornelia C. Earnshaw and Emily C. Reese. In 1868, his executors under a power of sale sold the premises to Meyers & Johnson. The deed was executed by only two of the three executors and trustees. The third executor and trustee, being absent from the country, did not execute the deed. It may be assumed that the executors and trustees received the full consideration of $21,000, and that the income of the trust fund of the two-fifths of the considera-

tion has gone to the beneficiaries of the trusts, Mrs. Earnshaw and Mrs. Reese, both of whom are living. At least there are no allegations in the moving papers to the contrary; the only statement being that the trustees never made an account, and that they died leaving the trust "incomplete and unexecuted." Meyers & Johnson sold the premises to Louis Stern, and Stern on June 13, 1906, made a contract to sell and convey the premises to Henry Corn. Objection was made to the title by Corn on account of the failure of the third executor and trustee to execute the deed to Meyers & Johnson, and counsel for Stern undertook to clear up the title and satisfy the title company by obtaining quitclaim deeds from all of the heirs at law of Corlies, including Mrs. Earnshaw and Mrs. Reese, and a consent from Mrs. Earnshaw and Mrs. Reese for the appointment of a substituted trustee. To that end, letters were written and interviews were had, and negotiations were carried on for some months between Mr. Millard, as attorney for Mr. Stern, and Mrs. Earnshaw and Mrs. Reese and their attorney, as a result of which Mrs. Earnshaw and Mrs. Reese received the sum of $500 each from Mr. Stern, and in consideration thereof executed releases of all their interest in the property, and the consent for the appointment of a substituted trustee to execute the said trust under the will of Corlies, in order that the substituted trustee might execute a deed to Mr. Stern to supply the alleged defect in the title. Thereafter E. M. Berrian was appointed substituted trustee by this court upon the application of Mrs. Earnshaw and Mrs. Reese, and thereafter said substituted trustee executed a deed to said Stern and received therefor the sum of $500, and this motion is made in the name of Mrs. Earnshaw and Mrs. Reese, and is joined in by Mrs. Parker, a remainderman of the trust estate, to vacate and set aside the appointment of said substituted trustee, and to vacate all proceedings thereunder, and the deed given by him to Stern, as aforesaid, on the grounds: First, that the releases and consents executed by Mrs. Earnshaw and Mrs. Reese were obtained by means of false representations and deceit practiced upon them by the attorney for Stern; and, second, that no notice of the application for the appointment of the substituted trustee was given to Mrs. Parker and other remaindermen of the trust estate.

As to the first ground: The negotiations between Mr. Stern's attorney and Mrs. Earnshaw and Mrs. Reese and their lawyer were carried on for four or five months. Mr. Stern's attorney saw both Mrs. Earnshaw and Mrs. Reese, and at Mrs. Earnshaw's request saw her attorney, Edward S. Dixon, Esq., of Philadelphia. There was much correspondence between them, all of which seems to indicate that Mrs. Earnshaw and Mrs. Reese and their attorney understood fully the facts in reference to the matter, and the exact purpose for which their releases and consents were desired. I do not find that Mr. Stern's attorney made any false statements or misrepresentations, or practiced any deceit upon either Mrs. Earnshaw or Mrs. Reese or Mr. Dixon, their attorney, or that he withheld from either any information that he should have imparted. On the contrary, it appears that he dealt frankly and honestly with them, and informed them fully of the true situation regarding the premises and their interests

therein, and the purpose for which their releases were desired. The attorney was only seeking to remove an apparent cloud upon Mr. Stern's title to the premises, which had been sold many years before by two of the executors and trustees under the Corlies will, by having these two beneficiaries under that will release any apparent interest which they might have in the property, and for which presumably they had already received their respective shares. They had full opportunity to investigate and inquire regarding any matter that was not entirely clear, and they certainly did know before they executed the releases and consents the purpose for which such papers were given. I find that the charges and allegations against the attorney for Mr. Stern are unfounded and without merit, and that the motion cannot be granted upon that ground.

The second proposition, however, presents a more serious question. It is agreed that the application to this court for the appointment of Mr. Berrian as substituted trustee was without notice to Mrs. Parker and the other remaindermen of the two-fifths trust estate. The point made now is that they were entitled to notice of the application, and that the court was without power to appoint the trustee without notice to them. The Appellate Division of the First Department, in Matter of Welch, 20 App. Div. 412, 46 N. Y. Supp. 689, held squarely that under section 91 of the real property law (Laws 1896, p. 574, c. 547), providing, in substance, that a substituted trustee "shall not be appointed until the beneficiaries thereof shall have been brought into court by such notice and in such manner as the court or a justice thereof, may direct," and that the remaindermen are entitled to notice; in other words, that remaindermen are beneficiaries. The court said:

"But it seems clear that a person in whom is vested a remainder in real property, and whose rights may be most seriously affected by the execution of a trust which is vested in the court, is a beneficiary of the trust within the provisions of this statute."

Again, in Matter of Wetmore, 113 App. Div. 232, 98 N. Y. Supp. 952, the Appellate Division of the First Department held that no person can be appointed to execute a trust except upon notice to the beneficiaries and to those entitled to the remainder.

I find no decision of any court to the contrary, and therefore feel constrained to hold that the remaindermen in this case were entitled to notice of the application, and that the making of the order appointing Mr. Berrian as substitute trustee was irregular, in that the court did not have jurisdiction of all the persons entitled to notice. This application seems to be at the instigation of Mr. Corn, who has refused to take title from Mr. Stern, and against whom an action is now pending by Mr. Stern for specific performance, and this seems to be an effort on Mr. Corn's part to justify his refusal to perform his contract with Mr. Stern, and I do not see that any good purpose will be served by removing Mr. Berrian as trustee.

However, I feel bound under the authorities to hold that the court, in making his appointment, acted without jurisdiction, and that the order should be vacated, without costs.