O'BRIEN, P. J., and CLARKE and HOUGHTON, JJ., concur. PATTERSON, J., dissents.

(109 App. Div. 586)

### In re BARTELLS' WILL.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. TRUSTS—APPOINTMENT OF TRUSTEE—NOTICE.
   If the Supreme Court has an inherent power to appoint a trustee without notice, the practice of doing so is bad.
   [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 208.]

2. SAME—PERSONS ENTITLED TO APPLY FOR NEW TRUSTEE.
   Any person interested contingently in a fund in the hands of a testamentary trustee has sufficient interest in the fund to qualify him to petition for the appointment of a proper trustee in place of one alleged to be improper.

3. SAME—REMOVAL OF TRUSTEE—NOTICE.
   Want of notice of an application to remove the trustee to others interested in the estate was not ground for dismissing the petition; but the Special Term should have ordered those interested to be brought into court, and then passed upon the merits of the application.
   [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 219.]

Appeal from Special Term, New York County.

Alvin L. Newmyer appeals from an order denying his motion for the appointment of a trustee in place of Leopold Rothschild. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Gilbert W. Minor, for appellant.
William H. Hamilton, for respondent.

HOUGHTON, J. Emilie Bartells died, leaving a will in which she gave to her executors the sum of $5,000, in trust to pay the income to her sister Cecelia Nathan during her life, and upon her decease to pay the principal to the children then surviving of four nieces, which were named. She also gave a like sum in like manner, the income of which was to be paid to her sister Jeanette Rothschild during her life, the principal payable on her death to the same persons. The will was duly proved, and the executors named renounced and resigned, as the record discloses, their trusts both as executors and testamentary trustees. Thereafter this respondent, Leopold Rothschild, applied to the Supreme Court, and on the 7th day of May, 1902, without notice to any of the parties interested in the fund, either directly or contingently, was appointed trustee of these two funds, and authorized to receive the bequests from the administrators with the will annexed of the deceased testatrix, and is now acting as such. Thereafter the appellant, who is one of the class named as residuary legatees on the death of the life tenants, presented a petition to the Supreme Court, setting forth the fact that the respondent was appointed without notice, and alleged, among other things, that he was hostile to some of the residuary legatees and an improper person for the position. The court denied his application, and from that determination he appeals.

The respondent insists that the Supreme Court has inherent power to appoint a trustee without notice. Whether it has or not, the practice of so doing is bad, and has been condemned by this court. Matter of Welch, 20 App. Div. 412, 46 N. Y. Supp. 689. The petitioner has sufficient interest in the fund to qualify him to petition for the appointment of a proper trustee or the removal of an improper one. Whether his interest in the corpus of the fund is vested or contingent does not matter. If vested, he certainly has the right. If contingent upon his surviving the life tenants, he still has such possible interest as qualifies him; for in law the remainder would be vested in him, subject to be divested by his failure to survive the life tenant. Any person interested absolutely or contingently in a fund in the hands of a testamentary trustee acting by authority of the Surrogate's Court may petition that court for an accounting by the trustee (Code Civ. Proc. § 2803), and no different rule prevails in this court.

It is urged that the appellant gave no notice of his application to remove the trustee to any of the persons interested in the estate; he having brought into court only the trustee. This was not ground for dismissing his petition. The Special Term should have ordered those interested in the estate to be brought into court, and then passed upon the merits of the application.

The order should be reversed, and the matter remitted to the Special Term for further consideration, with $10 costs and disbursements, payable by the respondent personally. All concur.