(148 App. Div. 211.)

## FURNISS et al. v. FURNISS et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. APPEAL AND ERROR (§ 70*)—DECISIONS REVIEWABLE—ORDERS ON DEMURRER TO COMPLAINT.

Where demurrers to a complaint are overruled, it is proper to enter an order overruling the demurrers and to take an appeal from the order, instead of entering a decision and judgment and appealing therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 369; Dec. Dig. § 70.*]

2. TRUSTS (§§ 291, 298*)—TRUSTEES—ACCOUNTING—SUPREME COURT—JURISDICTION.

The Supreme Court, aside from statute, has inherent jurisdiction to enforce valid trusts and to require trustees to account, which jurisdiction may be exercised at the instance not only of the cestui que trust or those having a vested or even a contingent interest in the remainder, but also in a proper case for the protection of others having an estate in reversion.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 409, 410, 417; Dec. Dig. §§ 291, 298.*]

3. TRUSTS (§ 182*)—TRUSTEE FOR LIFE BENEFICIARY.

The trustees of a trust for a life beneficiary hold the corpus of the estate, not on an express trust for the remaindermen or those entitled to the reversion, but in a sense as trustees for them, since they owe to them the duty of exercising due care to preserve the corpus of the estate, which duty may be exercised in equity where the remedy at law, when the remainder or reversion becomes vested in possession, may not be adequate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 236; Dec. Dig. § 182.*]

4. TRUSTS (§ 304*)—TRUSTEES—ACCOUNTING—COMPLAINT.

Where complainants were only contingently interested in the corpus of a trust estate, a complaint against the trustees for an accounting, which failed to show any facts indicating mismanagement, or from which it might be inferred that the trustees had been guilty of waste, or that a property right under the trust was likely to be dissipated or wasted, or that an accounting was necessary in order to preserve the corpus of the trust property, and merely alleging that complainants had no knowledge or information of the nature, character, or kind of properties constituting the trust fund, or the amount thereof, except that they believed it was of great value; that on information and belief the trustees had taken the record title to some of the property in their names, individually; and that they did not know whether the fund was kept in such a manner that it could be clearly identified as appertaining to the trust, etc.—was demurrable.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 413; Dec. Dig. § 304.*]

Appeal from Special Term, New York County.

Bill by William P. Furniss and another against Sophia R. G. Furniss and another, individually and as trustees under the will of William P. Furniss, deceased, and others. From an order of the Special Term overruling the demurrers of defendants Sophia R. C. Furniss and Margaret E. Zimmerman, individually and as trustees, and Clementina Furniss, to the amended and supplemental complaint, they appeal. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 133 N. Y. Supp. 46; 133 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry De Forest Baldwin, for appellants.
Herbert Barry, for respondents.

LAUGHLIN, J. [1] The practice adopted in the case at bar of entering an order instead of a decision as authority for the judgment, and of appealing from the order instead of from the judgment, has not only received the sanction of this court, but the approval of the Court of Appeals as well. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed (Court of Appeals, October, 1911) 96 N. E. 1122.

This action is brought to compel the trustees of certain trusts under the will of William P. Furniss, deceased, to account, and to compel them to discover and disclose to the plaintiffs the corpus of the property which they and their cotrustee Vermilye, deceased, received under the will. The appellants who are trustees demur on the ground that the complaint fails to state facts sufficient to constitute a cause of action against them as trustees, and the appellants individually demur on the same ground. The plaintiffs do not claim any interest under the will; their sole claim is that they are next of kin and heirs at law of the testator, being the children of one of his sons, and as such have an estate in reversion in the corpus of the property held in trust, and that, as there has been no accounting since the year 1878, their interests require that the trust property be identified and a record made thereof by an accounting.

The testator died in 1871 leaving a wife and three sons and three daughters him surviving. The will provides for the division of the remainder of the estate into a number of equal shares sufficient to provide one share for the widow of the testator, and one for each of his surviving children. It is alleged that this division was made, and that each of the shares was "comprised of property of great value." The testator created a trust with respect to each of said shares, but this action relates only to one, that of Clementina Furniss, one of the daughters of the testator, and the further provision of the will with respect thereto is as follows:

"The remaining share I give to my said executors in trust to collect the rents of real estate and to keep invested and collect the income of personal estate and to pay over the net income of both realty and personalty to my daughter Clementina during her life, and upon her death, I give the same to such of her issue, if any, brothers and sisters as she may appoint by instrument executed as a will of real estate and failing to make such appointment I give the same to her mother, but if her mother shall not survive her, then I give the same to her surviving sisters in equal shares."

The widow of the testator and his three sons died prior to the commencement of the action, but the three daughters are still living. Clementina, who is the life beneficiary of the share of testator's estate in question, is over 60 years of age, and is not now, and never has been, married, and it is evident from these facts that she will die without issue. Her sisters are upwards of 65 years of age.

A similar trust with different trustees, in part, with respect to one of the shares, was provided for the benefit of each of the other daughters of the testator, and therefore the next of kin and heirs at law of the testator, on the death of his last surviving daughter, will take the corpus of one of those shares; and, if all of the daughters should die now without issue, the plaintiffs, being the next of kin and heirs at law of the testator, would take the original share of the last surviving daughter. It is certain that those who are the next of kin and heirs at law of the testator at the time of the death of his last surviving daughter will come into possession of the share set apart in trust for her; but it is not alleged that Clementina's sisters have no issue, and if they have issue, and if one of them should be the final survivor, such surviving sister would be authorized to appoint by will that her issue should take her share, and therefore it cannot be said that plaintiffs have an estate in reversion in the share of Clementina, which is the one now before the court and concerning which they demand an accounting. There is but a possibility of a reversion with respect to that share, for she is authorized by a power of appointment to give the estate in remainder of her share to one or both of her sisters, and, should she fail to exercise such power of appointment, then such estate in remainder goes under the will of the testator to her surviving sisters or sister, and it can only go to the next of kin and heirs at law of the testator in the event that both sisters predecease Clementina, and in that event it would only go to the plaintiffs in case they survive her sisters. Our attention is drawn to the fact that the complaint as originally drawn embraced the three trusts of which the daughters are the life tenants, and that an amendment eliminating the other two trusts was made pursuant to a decision of the court at Special Term on a demurrer to the complaint. The correctness of that ruling of the court is not presented for review, and we express no opinion thereon.

It is contended in behalf of the appellants that the plaintiffs, being only contingently interested in a possible reversion undisposed of by the will, have no standing to call the trustees to account, and that, if the court has jurisdiction, sufficient facts are not alleged to entitle the plaintiffs to an accounting. Where sufficient facts are alleged to require the court to decide in the exercise of its judicial discretion whether or not the plaintiff should be granted any relief in equity, the question as to whether, on the facts alleged, if proved on the trial, the court should make a decree in his favor for any relief, will not be decided on demurrer; but where a court of equity would not be warranted, in any view of the case, in granting or decreeing relief on the facts alleged if proved on the trial, then the question as to the sufficiency of the complaint to entitle the plaintiff to recover may fairly be presented by demurrer. The Legislature has expressly conferred power upon surrogates to require testamentary trustees to render an intermediate account upon the petition of "a person interested, absolutely or contingently, in the estate of fund" in their hands, "or in the application thereof, or of the income or other proceeds thereof."

[2] Aside from any statutory provision, the Supreme Court has inherent jurisdiction to enforce valid trusts and to require trustees to account, which may be exercised at the instance not only of the cestui que trust or those having a vested or even a contingent interest in remainder, but also, in a proper case, for the protection of others having an estate in reversion and perhaps—although we do not decide the question—having only a possible reversionary interest in the corpus of the estate either under a will or as next of kin or heirs at law of the testator. Chipman et al. v. Montgomery et al., 63 N. Y. 221. See, also, Matter of Bartells, 109 App. Div. 586, 96 N. Y. Supp. 579.

[3] The trustees of a trust for a life beneficiary hold the corpus, not on an express trust for the remaindermen or those entitled to the reversion, but in a sense as trustees for them, for they owe to them the duty of exercising reasonable care to preserve the corpus of the estate, and this duty may be enforced in equity where the remedy at law when the remainder or reversion becomes vested in possession may not be adequate. Chipman et al. v. Montgomery et al., supra; Wager v. Wager, 89 N. Y. 161. See, also, Smith et al. v. Van Ostrand, 64 N. Y. 278, and Matter of Hamlin, 141 App. Div. 318, 126 N. Y. Supp. 396, and Horton v. Cantwell, 108 N. Y. 255–266, 15 N. E. 546.

[4] It is manifest, however, that a person only contingently interested has no standing to require an accounting by a testamentary trustee without showing some mismanagement or other facts from which it may be inferred that such trustees have been guilty of waste or that a property right under the trust is likely to be dissipated or wasted (Chipman et al. v. Montgomery et al., 63 N. Y. 232); or that an accounting is necessary in order to preserve the corpus of the trust property.

The complaint to which the appellants demurred does not charge any mismanagement or show any waste on the part of the trustees. It shows that the testator authorized the trustee of each trust provided for in the will to sell any of the real estate comprised in the trust and to hold the proceeds under and subject to the same trust. The plaintiffs allege that they "have no knowledge or information of the nature, character, or kind of properties now constituting said trust fund, nor of the amount thereof, except that plaintiffs allege, upon information and belief, that such properties are of great value, and plaintiffs have no means of acquiring such knowledge or information, except through the relief herein demanded, and plaintiffs allege, upon information and belief, that parcels of real estate formerly held in said trust have been sold or conveyed, and that the record title to some or all of said parcels appears to be, or to have been, vested in some or all of the defendants herein individually." It is further alleged that plaintiffs have no knowledge or information as to whether or not the moneys, securities, and properties which constitute the subject-matter of the trust in question "are distinctly held and kept in such manner as to be clearly identified as appertaining to the trust, to which in law and equity they belong," but that it is of great importance to them that the moneys, securities, and properties should

be so held and kept to the end that their rights "in and to the principal of the trust fund set apart for the benefit of the last surviving daughter of said William P. Furniss, deceased, may not become obscure or difficult of enforcement by the lapse of time or by the confusion of the funds impressed with the said trust."

These are the only material facts alleged upon which it is claimed that plaintiffs are entitled to an accounting. It is alleged that the trustees have not accounted to the plaintiffs; but they were under no obligation to account to plaintiffs, and it does not even appear that plaintiffs made any inquiries of the trustees with respect to the condition of the trust property. The allegations with respect to the sale of part of the real estate and the record title to some of the parcels, being now in some of the defendants individually, do not aid plaintiffs, for, as appears, the trustees were expressly authorized to sell the real estate, and it is not alleged, nor may it be inferred from the allegations, that they sold it to themselves. The mere fact that they were trustees did not preclude them from ever taking the record title to the property. Moreover, all of the defendants were not trustees, and it is not even alleged that the record title to any of the real estate has become vested in a trustee. Without deciding whether plaintiffs' interest is such that they would on proper allegations and proof be entitled in any event to an accounting, we are of opinion that the facts alleged in the complaint are insufficient to entitle the plaintiffs to the relief demanded, and the demurrer should have been sustained.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the demurrers sustained, with costs, with leave to plaintiffs to amend on payment of the costs of the appeal and of the demurrer. All concur.