(148 App. Div. 217.)

### FURNISS et al. v. FURNISS et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

APPEAL AND ERROR (§ 70*)—DECISIONS REVIEWABLE—INTERLOCUTORY JUDGMENT.

An interlocutory judgment was entered upon an order overruling a demurrer to the complaint and granting to plaintiff the relief demanded,.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and recited the demurrer and the order of the court overruling it, and allowed the defendant 20 days to answer, and upon failure to answer recited that judgment should be entered for plaintiff. Defendant failed to answer within the time allowed, and on motion of plaintiff a judgment was entered. *Held* that, though it was not shown that notice of the entry of the judgment was given to the defendants, who had appeared in the action, or that the defendants opposed the motion, it was an appealable judgment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 70.*]

Appeal from Special Term, New York County.

Action by William Ponsonby Furniss and others against Sophia R. C. Furniss and others. From an interlocutory judgment, overruling demurrer and requiring an accounting, defendants Sophia R. C. Furniss and others, as trustees, appeal. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Henry De Forest Baldwin, for appellants.

Herbert Barry, for respondents.

INGRAHAM, P. J. This judgment was entered in pursuance of an order of the Special Term overruling a demurrer to the complaint, and directing an interlocutory judgment requiring the defendants individually and as trustees to account, and granting to plaintiff the relief demanded in the complaint. The defendant trustees appealed from that order, and this court, in a decision entered herein, has reversed the order and sustained the demurrer, giving the plaintiffs leave to amend. After the entry of that order the interlocutory judgment was entered, and from that interlocutory judgment this appeal is taken.

It is claimed by the respondents that this appeal should be dismissed, because the judgment appealed from was entered by default. The judgment recites the demurrer, the order of the court overruling it, and allowing the demurring defendants to answer within 20 days, and upon their failure to answer that judgment should be entered for the relief demanded in the complaint, and a failure of the defendants to answer within the time allowed, and that then on motion of the plaintiffs' attorneys the judgment was entered. It does not appear from the judgment that notice of the entry of judgment was given to the defendants, although they had appeared in the action, or that the defendants appeared in opposition to the motion; but the judgment was entered in pursuance of an order directing judgment after the decision of a motion for judgment on the pleadings. In People v. Manhattan Real Estate Co., 74 App. Div. 535, 77 N. Y. Supp. 837, where final judgment was entered in pursuance of the directions contained in an interlocutory judgment, which overruled the defendant's demurrer to the complaint, it was contended by the plaintiff that the judgment appealed from was rendered upon the defendant's default, and that consequently no appeal would lie. The court said that a contrary rule was laid down in Smith v. Barnum, 50 Hun, 602, 3 N. Y. Supp. 476, and the court acquiesced in that decision. Upon appeal to the

Court of Appeals (175 N. Y. 133, 67 N. E. 219) that court entertained the appeal and reversed the judgment, on the ground that the demurrer should have been sustained. This seems to me to dispose of the question, and justified an appeal from the judgment.

As we have reversed the order upon which this judgment was based, it follows that the judgment itself must be reversed, with costs. All concur.