in consideration of the mutual covenants hereinafter set forth, and of the several sums of money paid on the execution of this agreement and to be hereafter paid, it is agreed as follows."

Thereafter follow agreements by the plaintiff to withdraw her appeal and on the part of the defendant for the payment of certain sums of money. It seems to me that this agreement is contrary to public policy, and therefore void. "In support of good morals, public policy declares all agreements between husband and wife tending to facilitate a divorce to be void." France v. France, 79 App. Div. 291, 79 N. Y. Supp. 579. It is true that, strictly speaking, the relationship of husband and wife had been dissolved, and it is also true that the plaintiff was not bound to appeal from the judgment of divorce already entered. Nevertheless, she had a right to take such appeal, and to test the correctness of the divorce, and by bargaining to withdraw such appeal she has entered into an agreement to facilitate a divorce, to which, I believe, the courts of this state should not give effect. Blank v. Nohl, 112 Mo. 159, 20 S. W. 477, 18 L. R. A. 350.

---

### APPLE v. NATIONAL AUTOMATIC WEIGHING MACH. CO.

(Supreme Court, Appellate Term. April 9, 1912.)

1. BONDS (§ 124*)—COUPONS OF BOND—ACTION—COMPLAINT.

   A coupon note, reciting that it is for six months' interest due on a certain date on a certain coupon bond, not being negotiable, the complaint in an action thereon must allege the issuance and delivery of the bond, and the lapse of time or other circumstance rendering the interest due.

   [Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 98, 157–179; Dec. Dig. § 124.*]

2. BONDS (§ 124*)—COUPONS OF BOND—ACTION—COMPLAINT—OWNERSHIP.

   The allegation of the complaint, in an action on interest coupons of a coupon bond, that they came lawfully into possession of plaintiff, is an insufficient allegation of ownership.

   [Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 98, 157–179; Dec. Dig. § 124.*]

3. APPEAL AND ERROR (§ 70*)—APPEALABLE JUDGMENT.

   Where demurrer to complaint is overruled, and leave to answer is given to defendant, which is not availed of, the judgment thereupon entered for plaintiff is not unappealable, as being entered on a default.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 367–385; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Frederick J. Apple against the National Automatic Weighing Machine Company. From a judgment for plaintiff entered after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Thomas F. Gilroy, Jr., for appellant.
Goodale & Hanson, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.   Only questions of law are raised on this appeal.   The action was brought to recover on a number of coupons, of which one, for example, reads as follows:

"17. $30. On the first day of Dec., 1911, the National Automatic Weighing Machine Company will pay to the bearer, at its fiscal agency in the city of New York or in the city of London, thirty dollars in gold coin, free from all taxes, being six (6) months' interest then due on its first mortgage coupon bond.

"No. 677.                                                L. H. Gardner, Treasurer."

The complaint sets out merely the execution and delivery by defendant of these coupons prior to the date thereof, that the same "came lawfully into possession of plaintiff," and that no part of the sum has been paid.   Defendant rests on its demurrer to the complaint, as not setting forth facts sufficient to constitute a cause of action.

[1] In McClelland v. Norfolk Southern R. R. Co., 110 N. Y. 469, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397, an action was brought on coupons almost identical in tenor.   It was there held that coupons were not negotiable.   The court said (110 N. Y. 474, 18 N. E. 239 [1 L. R. A. 299, 6 Am. St. Rep. 397]):

"The reference in the coupons to the mortgage and bonds, and in the bonds to the terms and conditions of the mortgage, clearly, we think, charges the holders of both coupons and bonds with notice of the provisions contained in each of such instruments."

With this in mind, it is clear that plaintiff was bound to allege the issuance and delivery of the bonds, and the lapse of time or other circumstance which would render the six months' interest due.

[2] I think, also, that the allegation that the coupons came lawfully into possession of the plaintiff is not a sufficient allegation of title.

[3] The plaintiff respondent urges that the appeal should be dismissed on the following ground:   That after the defendant appellant's demurrer had been overruled, leave was given to serve an answer, of which leave it did not avail.   Thereafter judgment was entered in favor of the plaintiff, and this judgment respondent characterizes as one entered upon a default, from which the defaulting party is not entitled to appeal.   In support of his position, respondent cites the case of Weiner v. Yale Knitting Mills, 138 App. Div. 536, 123 N. Y. Supp. 327, a decision of the Appellate Division of the Second Department.   It seems to me, however, that we must be guided by the case of Furniss v. Furniss, 133 N. Y. Supp. 46.   See, also, National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, a decision recently rendered in this department, covering, it is true, practice in the Supreme Court; but I can find no valid distinction, in respect of this matter, applicable to the Municipal Court.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs.

LEHMAN, J. (concurring).   I think that, under the authority of Evertson v. National Bank of Newport, 66 N. Y. 14, 23 Am. Rep. 9,

the coupons of a negotiable bond must also be held to be negotiable. "The fact that they are declared to be for interest upon bonds specified by their numbers does not destroy their negotiability when separated from the bond, or impair the title of one purchasing from another without production of the bond." Evertson v. National Bank of Newport, supra, at page 18 of 66 N. Y., 23 Am. Rep. 9. This case is cited without qualification in McClelland v. Norfolk Southern Railroad Co., 110 N. Y. 469, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397; but that case points out that the negotiable character of such coupons depends upon the negotiable character of the bond referred to in such coupons.

It follows, therefore, that the complaint should allege the issuance and delivery of the bonds and their general character.