(78 Misc. Rep. 369.)
### MILES et al. v. WEISBECKER et al.

(Supreme Court, Appellate Term, First Department.   December 6, 1912.)

1. APPEAL AND ERROR (§ 78*)—DECISIONS REVIEWABLE—DEFAULT—JUDG-
   MENT OVERRULING DEMURRER.
   Though defendants refused to plead over after their demurrer to the
   complaint was overruled, a final judgment entered on the order was not
   a default judgment, and was appealable.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426,
   464–483; Dec. Dig. § 78.*]

2. EXECUTORS AND ADMINISTRATORS (§ 96*)—POWER—EXECUTION OF CON-
   TRACTS.
   As a rule, executors cannot bind the estate by an executory promise
   made upon a new and independent consideration, though for the benefit
   of the estate, though in exceptional cases it may be enforced in an
   equitable action against the estate by a creditor.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 410, 412, 413, 417, 418; Dec. Dig. § 96.*]

3. COURTS (§ 188*)—JURISDICTION—EQUITABLE ACTION.
   The Municipal Court has no jurisdiction of equitable actions.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec.
   Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Herbert G. Miles and another against Matilda Weisbecker and others, as executors of Charles Weisbecker. From an order denying defendants' motion to open their default, and from a judgment for plaintiffs upon an order overruling a demurrer to the complaint, defendants appeal. Judgment reversed, demurrer sustained, and appeal from order dismissed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Fred V. Mayforth, of New York City, for appellants.
F. H. Reuman, of New York City, for respondents.

LEHMAN, J. The plaintiffs have brought an action against the defendants in their representative capacity for goods sold and delivered to the defendants. The defendants demurred to the complaint. The demurrer was overruled, with leave to plead over. The defendants failed or refused to plead over, and final judgment was entered upon the order overruling the demurrer. The defendants then appealed from the order and judgment.

[1] The final judgment is not a default judgment, and an appeal lies from that judgment. Furniss v. Furniss, 148 App. Div. 217, 133 N. Y. Supp. 535.

[2] The complaint seeks to hold the estate of the decedent upon a contract made with his executors. Executors have no power to bind the estate, in the absence of special circumstances, by any executory

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

promise, although made in the interest and for the benefit of the estate, if made upon a new and independent consideration.

"To the general rule there are exceptions, and an equitable action can be maintained against the estate on behalf of a creditor." O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238.

[3] In this case the complaint does not set forth exceptional circumstances sufficient to sustain an action against the estate; but, even if the complaint did set forth such circumstances, the demurrer would be good, for the Municipal Court has no jurisdiction over equitable actions. All the cases cited by the plaintiffs, where the court held that an action could be maintained against the estate, were, in fact, equitable actions. It may well be that, upon proper motion, the court below can give leave to amend the summons and complaint, by striking out from the names of the defendants the descriptions of their representative capacity. Boyd v. U. S. Mortgage Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146. Until such a motion has, however, been granted, the plaintiffs will not be able to set forth a good cause of action against these defendants.

Judgment should therefore be reversed, with costs, and the demurrer sustained, with appropriate costs in the court below, with leave to the plaintiffs to serve an amended complaint within six days upon payment of taxable costs.

Appeals from orders dismissed, without costs. All concur.