(80 Misc. Rep. 502.)

### BROMBERGER v. WORTH.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. APPEAL AND ERROR (§ 127*)—DECISIONS REVIEWABLE—DEFAULT.

It is not a default judgment, precluding appeal, where, demurrer to the complaint having been overruled, with leave to answer, defendant, having filed an answer, though not within the time limited by the order, appeared at the time the cause was set for trial, and asked to be permitted, but was not allowed, to defend.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. § 127.*]

2. ATTACHMENT (§ 360*)—WRONGFUL ATTACHMENT—ACTION.

Though a default judgment in an attachment has been vacated, till final determination of such action, still pending, establishing falsity of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testimony given therein, no cause of action based on its alleged falsity exists.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1312–1314; Dec. Dig. § 360.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Miriam Bromberger against Rudolph J. Worth. From a judgment in favor of plaintiff on an inquest, defendant appeals. Reversed and dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Louis J. Rosett, of New York City, for appellant.
Rudolph Marks, of New York City, for respondent.

GUY, J. The defendant appeals from a judgment entered against him, and from an order denying his motion to set aside the same. The facts are not substantially disputed. The action was begun in November, 1912. A summons and a verified complaint were served, returnable on December 19, 1912. Upon the return day the defendant demurred to the complaint, which demurrer was overruled on December 20, 1912, with $10 costs to the plaintiff to abide the event, and with leave to the defendant to answer on January 6, 1913. On January 6th no answer was filed. The plaintiff, claiming that the cause of action was in tort, and that no judgment could be entered upon the verified complaint, the case was set down for trial for January 14th. It was again set down for January 21st, and on that day was transferred from the First district of the Municipal Court to the Fourth district. On January 20th the defendant filed an answer with the clerk of the Municipal Court, and on January 27th, the date to which the cause had been set down for trial in the Fourth district, appeared in court and asked to be allowed to interpose his defense.

[1] The plaintiff claimed that, having failed to file his answer on January 6th, the defendant was in default, and that he had no standing in court, and could only move to open his default. The court below took this view of the matter, and refused to permit the defendant to offer any testimony, and directed the plaintiff to take what he termed "an inquest," which was done; the defendant excepting thereto. It is now claimed by respondent that this is a default judgment, from which no appeal will lie. In this position we do not agree. The defendant was present in court. He at all times asked to be heard, and was precluded from defending the action by the ruling of the trial justice; he at the same time protesting against such ruling. This was not a default. Even if judgment had or could have been entered upon the overruling of the demurrer, it would not have been such a judgment as would preclude an appeal. Furniss v. Furniss, 148 App. Div. 217, 133 N. Y. Supp. 46; Miles v. Weisbecker, 78 Misc. Rep. 369, 138 N. Y. Supp. 424.

[2] The appellant urges upon this appeal that the complaint sets

forth no cause of action, and that the demurrer should have been sustained. The material allegations contained in the complaint, briefly stated, are as follows: That the defendant, claiming that one Honig, plaintiff's assignor in this action, was indebted to him in the sum of about $200 for services rendered to Honig as a salesman, obtained an attachment against the property of Honig, who was a nonresident. Service of the summons was made by substituted service, and plaintiff in that action took a judgment against Honig by default for the amount of his claim. That after the attachment was issued, one Gettegno, a debtor of Honig, gave the marshal a certificate under section 79 of the Municipal Court Act (Laws 1902, c. 580), and after the judgment against Honig was obtained paid to the marshal the amount of the judgment, who in turn paid it to the plaintiff in that action, the defendant in this. The complaint then alleges that the judgment obtained by this defendant against Honig as aforesaid was subsequently vacated and set aside. It further alleges that, in the attachment suit, the defendant in this action testified upon the inquest that he had rendered services to Honig, in selling postal cards on 5 per cent. commission, which amounted to $182.60, and that he had spent money for Honig amounting to $15; that these statements were false and untrue, and that the allegations made in the affidavit upon which the attachment was obtained, as to the indebtedness of Honig to the plaintiff in the attachment suit, were also false and untrue; and he claims in this action a judgment for the amount so paid to this defendant, the plaintiff in the attachment suit. Upon the inquest taken in the case at bar the plaintiff put the defendant and his attorney upon the stand, and proved by them, as he claims, that the statements in the affidavit and the testimony given upon the inquest in the attachment suit were untrue.

It is unnecessary to analyze the evidence taken upon the inquest in this action, to ascertain as to whether or not the claim of the plaintiff is sustained, as it is clear that the plaintiff has at present, at least, no cause of action against the defendant. It appears from the record that the default of Honig, the plaintiff's assignor, was opened in the attachment suit, and the judgment vacated and set aside, and he was permitted to interpose an answer; that his attorney subsequently applied for and obtained a commission to take the testimony of Honig, who was a resident of Germany, and that the case is now upon the general calendar of the Municipal Court, awaiting the return of said commission before the trial is had. That action, although the judgment was necessarily vacated under the practice in the Municipal Court, is still pending and undetermined. If the plaintiff in this action can prove the facts set up in his complaint herein, it will constitute a perfect defense to the attachment suit. If he can maintain any action based upon the alleged falsity of the testimony given in the attachment action, it is clear that such action cannot be maintained until the trial of that action, and his right to recover the amount of the money paid by Gettegno to the defendant herein, has been determined. If the attachment suit results in a final judgment in favor of Honig, the plaintiff's assignor herein, he or his

assignor will have adequate remedies at law to correct the wrong therein decided to have been done him; but, until that action is ended, the plaintiff's alleged cause of action does not exist.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.