Ralph Palito, Appellant, *v.* New York State Railways, Respondent.

(County Court, Oneida County, September, 1915.)

Costs — practice on demurrer — no trial fee or costs after notice and before trial — disposition of demurrer — Code Civ. Pro., §§ 547, 976.

A demurrer may be disposed of by a trial of an issue of law before a judge at a term without a jury followed by findings and judgment, a trial at any term under section 976 of the Code of Civil Procedure, or on a motion for judgment on the pleadings under section 547 of said Code.

In a proceeding under either section 976 or 547 of said Code all that is necessary to effectuate the decision of the court overruling a demurrer to the complaint is an order which should provide leave to plead over upon payment of, presumably, costs of motion; to be followed by judgment if the privileges extended by the order are not excepted.

Where a demurrer to a complaint was noticed for argument at a motion term and plaintiff upon a decision overruling a demurrer prepared findings, interlocutory judgment, etc., but

> no note of issue was filed, no calendar made up and no trial
> fee paid to the clerk, the usual items of costs after notice and
> before trial and a trial fee of an issue of law must be disal-
> lowed in plaintiff's bill of costs.

DEMURRER under the 8th paragraph of section 488 of the Code, to the plaintiff's complaint having been made herein, same was brought on for argument at a motion term of this court, and was overruled. There-upon the plaintiff prepared findings, interlocutory judgments, etc., and procured the taxation of a bill of costs containing the usual items of costs after notice and before trial, and a trial fee of an issue of law. Plaintiff comes here on a motion to review this taxa-tion, claiming that motion costs only should have been awarded.

Kernan & Kernan (Howard W. Taylor, of counsel), for appellant.

Southworth & Scanlan, for respondent.

HAZARD, J. There are now *three* methods for the disposition of a demurrer. *Kramer* v. *Barth,* 79 Misc. Rep. 80. These are stated to be: *First,* the trial of an issue of law before a judge at a term without a jury, followed by findings and judgment; *second,* the trial at any term under Code section 976 " as a con-tested motion;" and *third,* a motion for judgment on the pleadings, under Code section 547.

It is not entirely clear what is meant by all this; and rather numerous decisions bearing more or less on the question do not seem to clear up the difficulties. The serving of a demurrer raises an issue of law. Code Civ. Pro., §§ 963, 964. Formerly such an issue was dis-posed of in the manner first indicated above, and in that manner only. Doubtless actuated by a desire to

simplify practice and obviate delays, the legislature has provided the other two methods indicated.   This legislation while commendable (as there seems now no substantial reasons for the formalities and delays of the old procedure) seems incomplete.   It seems to have begotten confusion and litigation.   It has not in terms done away with the old practice, and it was held in the case cited that the trial as an issue of law " has not been eliminated from the Code, nor have the provisions thereof been superseded."

Various distinctions will occur to the legal mind between the various procedures now possible.   The old method involved the service of a notice of trial; the filing of a note of issue; a court calendar; a decision, findings, etc.; and an interlocutory judgment.   Under the procedure made possible by the Code, section 547, clearly none of these were necessary, but, instead, a notice of motion, followed by an order.   The difficulty arises as to what is the correct procedure under section 976.   It says: "An issue of law may be brought on and tried at any term of court *as a contested motion.*" If it were not for the addition of the last four words quoted, the question would be simple, and the amendment of 1909 to section 976 would have only and simply permitted demurrers to be argued at motion terms.   It is a question whether the words mean anything more or less than that the case may be argued at a special term *as if it were* a contested motion; and that, I think, is the crux of the question here, because if the necessary formalities incident to the " trial of an issue of law " are requisite and necessary in the procedure under section 976, it would follow, I think, that the usual and incidental costs should be allowed. If on the other hand, those formalities are unnecessary, and the matter could be brought on as a motion and disposed of by an order, then, possibly, mere mo-

tion costs should suffice. In *People* v. *Bleecker St. & F. F. R. R. Co.,* 67 Misc. Rep. 582, Justice Greenbaum in the interest of simplified practice, decides that a proceeding under section 976 is a motion or the equivalent, to be decided by an order; this was apparently in part at least overruled by *Loos* v. *Leahy,* 144 App. Div. 558, where it is held that the decision of a demurrer " whether brought on by a regular notice of trial, or as a contested motion " must be followed by a decision in writing, and a judgment. That decision was rendered in May, 1911, and in October, 1911, the Court of Appeals in *National Park Bank* v. *Billings,* 203 N. Y. 556, affirmed the order of the Appellate Division in that case (144 App. Div. 536), apparently settling the practice of entering an order on the decision of a demurrer; so that in December of the same year the Appellate Division in the first department in *Furniss* v. *Furniss,* 148 App. Div. 211, said: " The practice adopted in the case at bar of entering an order instead of a decision as authority for the judgment * * * has not only received the sanction of this court, but the approval of the Court of Appeals as well."

It is to be noted that the Appellate Division in the *National Park Bank* v. *Billings* case, cited above, said: " Whether an issue of law arising upon the pleadings is brought on under section 547 or section 976, the order should contain the appropriate provisions to work substantial justice which have heretofore been contained in an interlocutory decree on demurrer, such as extending leave to answer or plead over upon proper terms."

It thus seems to be established that in a proceeding under either section 976 or section 547 of the Code nothing more than an order would be necessary to carry out the decision of the court, which order should

provide leave to plead over upon payment of, presumably, costs of motion; to be followed by judgment if the privileges extended were not accepted. This, however, does not entirely eliminate our troubles, because in this case, while the demurrer was argued at a motion term (as is specially permissible under the rules of this court), otherwise what may be called the old fashioned procedure was largely followed. There was a notice of argument, but it seems that would be a proper method to bring on a hearing under section 976. In addition to that, there was no note of issue filed, and no calendar made up, and no trial fee paid to the clerk. Under the decision in *Singer Man. Co. v. Granite Spring Water Co.*, 67 Misc. Rep. 575, and in *People v. Bleecker St. & F. F. R. R. Co.*, Id. 582, those facts would decide the case in favor of the appellant here, and, after due deliberation, I think I should follow those decisions; for, even though the plaintiff went through the form of preparing findings and an interlocutory judgment, I think his procedure in so doing was unnecessary, and, therefore, unwarranted. It would be rather incongruous to hold that the matter might and should have been disposed of as a motion, on the one hand, and, on the other hand, to award the costs which, under the old practice at least, should and would have accompanied a disposition of the case at a term of court with a calendar.

I think, therefore, that the two items in question should be disallowed.

Ordered accordingly.