In the Matter of the Application for the Appointment of a Trustee for FRANCES VIRGINIA ANDREWS under the Will of EFFIE ANDREWS, Deceased, in Place of JAMES M. ANDREWS, Deceased.*

FRANCES VIRGINIA ANDREWS, Appellant; WALTER P. BUTLER, Respondent. (Appeal No. 1.)

In the Matter of the Application for the Appointment of a Trustee for ELLIS COCHRAN ANDREWS under the Will of EFFIE ANDREWS, Deceased, in Place of JAMES M. ANDREWS, Deceased.*

ELLIS COCHRAN ANDREWS, Appellant; SPENCER B. EDDY, Respondent. (Appeal No. 2.)

Third Department, November 18, 1931.

* Affg. 139 Misc. 654.

*Leon R. Jillson,* for the appellant.

*Clarence B. Kilmer* [*Charles L. Hoey* of counsel], for the respondent Walter P. Butler.

*Brackett & Eddy* [*Lawrence B. McKelvey* of counsel], for the respondent Spencer B. Eddy.

VAN KIRK, P. J. From November 9, 1928, to June 10, 1930, the date of the death of James M. Andrews, Alice F. Chamber-

lain had neglected to qualify or act as trustee and the understanding expressed in the first petition that she had renounced or refused to act was justified, but, now having qualified, and letters having been issued to her, she is deprived of no right or privilege, unless it be to act as sole trustee. There are now two trustees who have qualified and are authorized to act. The wording of the will would indicate, as the surrogate held, that, if one trustee died or for any reason refused to act, a trustee should be appointed to fill that vacancy; that there should always be two trustees.

Upon the petition presented for the appointment of a substituted testamentary trustee the court was justified in failing to cite Alice F. Chamberlain. Under this petition she was not an interested party. It is undisputed that the Surrogate's Court has jurisdiction to appoint substituted testamentary trustees and only those parties designated by the surrogate are to be cited. Section 168 of the Surrogate's Court Act (as amd. by Laws of 1928, chap. 702), so far as applicable to this case, provides: " or where one of two or more testamentary trustees dies * * * and the trust has not been fully executed, the Surrogate's Court may appoint a trustee or successor or successors, unless such appointment would contravene the express terms of the will, or unless a testamentary trustee has been named in such will to succeed such testamentary trustee and is not incapacitated or otherwise disqualified from acting as such testamentary trustee. Until a successor is appointed the remaining trustee or trustees may proceed and execute the trust. The trustee or successor may be appointed upon the application of any person interested and upon notice to such persons as the surrogate may designate." When the order of October thirtieth was made there was no trustee in office.

" Where one of two or more trustees refuses to accept and execute the trust the estate vests in the others the same as though the trustee refusing to act were dead or had not been named." (*Matter of Kellogg*, 214 N. Y. 460, 466.) Thus James M. Andrews, the other testamentary trustee having failed to qualify, properly received the entire trust estate and administered it during his lifetime. When the petition for the appointment of a substituted trustee was made the sole acting trustee had died. Thus the court apparently had full authority to appoint a substituted trustee or substituted trustees. Under the statute as quoted and the construction of the will adopted by the surrogate he was justified in appointing two substituted trustees. Among the annotations under section 168 of the Surrogate's Court Act is the note of the revisers of 1914 as follows: " It is thought by many to be advisable to appoint a successor when one of two or more trustees dies. To

accomplish this the amendments are suggested." (See, also, N. Y. Sen. Doc. 1914, vol. 11, No. 23, p. 163.) And in Jessup-Redfield on Surrogates' Courts (1925 edition), page 1431, section 1005, the following is said with reference to the present section: " The new section provides two alternate situations. A. Where, as above, all die or cannot for whatever reason act. B. Where one of two or more trustees dies, becomes a lunatic, resigns or is removed *and* the trust is not fully executed." (See, also, 1930 ed., pp. 2104, 2105, § 1005.) It is there further said: " Of course, the underlying prerequisite to the appointment of a successor is that the trust has not been fully executed, and that there are trust duties still to be assumed and performed." (See, also, *Matter of Winant*, 223 App. Div. 845.)

The present condition is that there are two trustees who have qualified and are authorized to act. The order appointing substituted trustees has not been appealed from. The petitioner, beneficiary, has not been prejudiced by the action of the surrogate. There is no suggestion that the substituted trustee, authorized to act with Miss Chamberlain, is not in every respect qualified. Miss Chamberlain was not a party to the proceeding, was not known to be interested, and is not an appellant here. Her sole interest is that she is not left the sole testamentary trustee.

The fact that Miss Chamberlain was not cited in the first proceeding did not oust the surrogate of jurisdiction. Had she been interested she might have applied to the court to open the proceeding for the appointment of a testamentary trustee and be heard (*Matter of Bartells*, 109 App. Div. 586), but this she has not done. She is not interested and was not entitled to notice. (*Matter of Robinson*, 37 N. Y. 261, 264, 265.) It was discretionary in the surrogate to designate the persons who would be cited. (*Matter of Valentine*, 3 Dem. 563, 566.)

The question here then seems to be whether or not, under a petition for the appointment of a named party as testamentary trustee, the surrogate had authority to entertain the petition and name as testamentary trustee another than the party named in the petition.

In this case the surrogate had before him a sufficient petition made by the beneficiary. All parties designated had been cited or had waived service. We think the surrogate had jurisdiction to appoint and that the designation of the trustee was a matter largely in his discretion. The proposed trustee was a foreign corporation; although it had complied with all the provisions of the statute and could have been appointed, we think the court had the right to exercise its discretion and designate a suitable dis-

interested person or corporation, a resident of the State, as substituted trustee. (*Matter of Hawke*, 222 App. Div. 643.) The proposed trustee was in no sense a party interested by relationship or otherwise, either to the testatrix or the beneficiary of the trust. In making the order the court did not abuse its discretion and it was justified in denying the motion to vacate the order designating testamentary trustees. (*Matter of Winant, supra.*)

The Guaranty Trust Company of New York was appointed substituted trustee of another of the trusts in this same proceeding. No application has been made to vacate the order in that case. It stands then in respect to that case that the surrogate had jurisdiction to appoint a testamentary trustee.

Since the petition is sufficient, if the order were vacated, a further hearing would be had and the matter of appointing a substituted trustee in place of James M. Andrews, deceased, would be still before the court. No reason appears why he could not or should not appoint Mr. Butler. The estate is one to be administered under the surrogate of Saratoga county.

We have examined the authorities cited by the appellant and find nothing in conflict with our conclusion. It must be remembered that many expressions in earlier decisions do not apply under the present Surrogate's Court Act.

The order should be affirmed, with ten dollars costs and disbursements. The second appeal should follow the same proceedings, with one bill of costs.

All concur.

Orders affirmed, with ten dollars costs and disbursements in one proceeding.